[No. 18181.   Department One.—February 27, 1894.]

## J. H. BLAISDELL, RESPONDENT, *v.* BAILEY KAY LEACH ET AL., APPELLANTS.

DEED—EXECUTION—SIGNATURE OF GRANTOR—AGENCY—RATIFICATION.— The requirement of section 1091 of the Civil Code that a grant of real property shall be subscribed by the grantor in order that the title may be transferred thereby does not render it necessary that his signature shall be affixed by himself, but it may be affixed by another, if done in his presence and by his direction, or he may adopt and ratify a signature made by another without previous authority.

ID.—ACKNOWLEDGMENT OF GRANTOR—ESTOPPEL.—Where a person named in a grant of real property appears in person before a notary and acknowledges a signature attached thereto as his own he is estopped from afterwards denying his declaration, as well as his signature, against any one who, without any other notice or knowledge than is conveyed by the deed, parts with his property on the strength thereof.

ID.—MISTAKE OF MARRIED WOMAN—OPPORTUNITY FOR EXAMINATION— BONA FIDE PURCHASER.—Where a married woman acknowledges a signature to a deed as her own signature, under the mistaken belief that the instrument was a lease which she had signed, and it appears that the instrument was handed to her by the notary for her examination, and that she had every opportunity for determining its nature, her acknowledgment of the execution and validity of the deed estops her from questioning that fact as against a subsequent mortgagee of the grantee, who is without notice or knowledge other than that conveyed by the deed.

ID.—DEED VOIDABLE FOR FRAUD, NOT VOID.—When a man knows that he is conveying or doing something with his estate, but does not ask what is the precise effect of the deed, because he is told that it is a mere form, and has such confidence in his solicitor as to execute the deed in ignorance, the deed so executed, although it may be voidable upon the ground of fraud, is not a void deed.

ID.—SUFFERING OF INNOCENT PERSONS—MAXIMS.—Where one of two innocent persons must suffer by the act of a third he by whose negligence it happened must be the sufferer.

APPEAL from a judgment of the Superior Court of Fresno County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*J. B. Campbell,* and *C. C. Merriam,* for Appellant.

The deed was a forgery and conveyed nothing. The certificate of acknowledgment did not add a particle to the validity of the deed, but it was merely *prima facie*

evidence of the truth of what is certified. (Code Civ. Proc., secs. 1948, 1961; *Moore* v. *Hopkins,* 83 Cal. 270.) The appellant was not guilty of negligence in the matter. (*Burson* v. *Huntington,* 21 Mich. 415; 4 Am. Rep. 497; *Gould* v. *Wise,* 97 Cal. 532.) But the rule in cases of forgery is more than ample to sweep out of this case all questions of negligence or estoppel, as a forged instrument is of no effect for any purpose. It is void *in toto,* and recording it does not add a particle to its validity. (*Haight* v. *Vallet,* 89 Cal. 245; *Meley* v. *Collins,* 41 Cal. 663; 10 Am. Rep. 279; *McGinn* v. *Tobey,* 62 Mich. 252; 4 Am. St. Rep. 848.) A *bona fide* purchaser will not be protected against forgery. And Blaisdell is affected with notice. (*McGinn* v. *Tobey,* 62 Mich. 252; 4 Am. St. Rep. 848; *Gould* v. *Wise,* 97 Cal. 532.) Plaintiff was also bound to take notice of the appellant's possession of the property, as possession is notice of any title consistent therewith. (*Woodson* v. *McCune,* 17 Cal. 299.)

*J. P. Strother,* for Respondent.

· The evidence was sufficient to support the findings and conclusions for plaintiff. The notary's genuine certificate of acknowledgment is not only competent evidence of acknowledgment, but sufficient and conclusive in favor of an innocent mortgagee. (Webb on Record of Title, sec. 89; Martindale on Conveyancing, 2d ed., sec. 263, p. 239; 1 Jones on Mortgages, sec. 538, near end; *Johnston* v. *Wallace,* 53 Miss. 331; *Heeter* v. *Glasgow,* 79 Pa. St. 79–83; 21 Am. Rep. 46; *Keer* v. *Russell,* 69 Ill. 666; *Baldwin* v. *Snowden,* 11 Ohio St. 203; 78 Am. Dec. 303; *De Arnaz* v. *Escandon,* 59 Cal. 486; *Hewlett* v. *Pilcher,* 85 Cal. 542; *McNeil* v. *Jordan,* 28 Kan. 7; *Deputy* v. *Stapleford,* 19 Cal. 302; *White* v. *Graves,* 107 Mass. 325; 9 Am. Rep. 38.) Where one of two innocent persons must suffer by the act of a third, he by whose negligence it happened must be the sufferer. (Civ. Code, sec. 3543.) The court found as a fact, after hearing all the testimony, that appellant

negligently acknowledged the deed, and therefore she must be the sufferer. (*Schultz* v. *McLean*, 93 Cal. 357; *McNeil* v. *Jordan*, 28 Kan. 7; *Carpenter* v. *Longan*, 16 Wall. 271.) An innocent mortgagee, in a mortgage to secure a debt contracted at the time, is an innocent purchaser, *pro tanto*. (1 Jones on Mortgages, sec. 458.) The possession of a grantor after conveyance is not notice of any claim. (*Pico* v. *Gallardo*, 52 Cal. 206–08; *Bloomer* v. *Henderson*, 8 Mich. 395; 77 Am. Dec. 453.) Especially was the possession no notice in this case, as the loan was made only two days after the deed to the grantor and the land was unoccupied and unimproved. (*Staples* v. *Fenton*, 5 Hun, 172.)

HARRISON, J.—The defendant, Bailey K. Leach, borrowed one thousand dollars from the plaintiff July 18, 1891, and, to secure the payment thereof, executed to him a mortgage upon certain lands which appeared by the record to have been conveyed to him by his wife, Mattie A. Leach. This action was brought to foreclose the mortgage against husband and wife, the plaintiff alleging in his complaint that the wife claims some interest in the mortgaged lands, but that her claim was subject to the lien of his mortgage. Mattie A. Leach filed a separate answer, alleging that she was the sole owner of the lands, and that her husband had never had any interest therein. Upon the trial of these issues the court found that the wife's signature to the deed under which the husband claimed title was a forgery, but that she had acknowledged its execution to the notary public, and that the conveyance had been placed on record with the notary's certificate of her acknowledgment indorsed thereon. No question was made of the good faith of the plaintiff in loaning the money, and the court held that he was entitled to rely upon the record evidence of title, and rendered judgment for the foreclosure of the mortgage. From this judgment the defendant, Mattie A. Leach, has appealed.

The record discloses the following facts connected with the appellant's acknowledgment of the conveyance. It appears that on the morning of the 16th of July, the appellant had signed a lease of certain property and given it to her husband, and that in the afternoon of that day her husband handed the deed in question to the notary, with his wife's name already signed thereto, and requested him to go with him to his house and take her acknowledgment. The notary testified that when he and the husband reached the house he explained to Mrs. Leach the object of his visit, and " got up from my chair, and walked over to her with the deed in my hand, passed it to her and took my seat again, and, as I suppose, she read it. I don't know. She peered over it. I don't know whether she read it or not. I got up then and asked her if it was her signature, and she acknowledged the execution of that instrument. She said she did, and I placed my seal to it and handed it to Mr. Leach." Mrs. Leach contradicts the notary in some details, but the findings of the court must be accepted as determinative of the facts that her signature had been placed to the instrument without her knowledge or consent, and that the facts stated in the notary's certificate are correct. Mrs. Leach does not in her testimony say that she then questioned the genuineness of her signature, but that the instrument did not appear to her to be the same one as that upon which she had placed it. Taking the most favorable view for the appellant, it would appear that after she had signed the lease and given it to her husband, he substituted for it the deed to himself with her name affixed thereto, and that she paid but slight attention to the instrument when it was presented to her for her acknowledgment, and admitted to the notary that it was her signature.

The Civil Code, section 1091, requires that a grant of real property shall be subscribed by the grantor in order that the title may be transferred thereby, but it is not necessary that the signature of the grantor be affixed by

himself. It may be so affixed by another, if done in his presence, and by his own direction (*Gardner* v. *Gardner*, 5 Cush. 483); and he may also adopt and ratify a signature made by another without any previous authority (*Bartlett* v. *Drake*, 100 Mass. 174; 97 Am. Dec. 92); and the adoption of a forgery has been held to be binding upon the maker of a promissory note. (*Forsyth* v. *Day*, 46 Me. 176; *Greenfield Bank* v. *Crafts*, 4 Allen, 447.) The owner of property cannot be divested thereof by a forged instrument, but his conduct in reference to the instrument may estop him from denying its validity. As between himself and the person who committed the forgery such estoppel may not arise, but if, with knowledge of the forgery, he should declare to an innocent person that the signature was his own, and that he had executed the instrument, and thereby induced him to purchase the property, he could not afterwards claim the property upon the ground that the instrument was a forgery.

When the instrument in question was presented to Mrs. Leach for her acknowledgment it was competent for her to adopt the signature of her name that had been placed there without her knowledge or authority, and by such adoption give it the same validity as if placed there by herself. She must be presumed to know her own handwriting, and her statement to the notary that she had executed the instrument to which it was affixed prevents her from questioning the correctness of that statement as against one who, in reliance thereon, has parted with his property. The statute has designated a notary public as one of the officers to whom a grantor may make a formal acknowledgment of his execution of an instrument for the purpose of establishing the fact of such execution, and having a public record made thereof; and when such acknowledgment is made by the grantor and certified by the notary it is a public declaration of that fact to all persons who may in good faith act thereon, which the grantor is estopped from denying. If the notary is himself deceived, as, for in-

stance, if another person should personate the grantor and acknowledge the signature, the title of the true owner would not be affected, but when the person named in the instrument appears in person before the officer and makes such acknowledgment, he is estopped from afterwards denying his declaration, as well as the fact of his signature, against any one who, without any other notice or knowledge than is conveyed by the instrument, parts with his property upon the strength thereof.

Although the court does not find that Mrs. Leach in terms adopted the signature to the deed, yet its finding that she was so negligent in acknowledging its execution as to estop her from disputing the plaintiff's claim is fully sustained by the evidence. By her own testimony she did not at the time of her acknowledgment deny the genuineness of her signature, and although she says that she then thought the instrument was not the one she had signed in the morning, she failed to give it such an examination as to convince her of that fact, and the testimony of the notary that he handed the instrument to her for her examination, and that she appeared to examine it, shows that she had every opportunity for determining whether or not it was her deed. Having this opportunity for repudiating or adopting the signature, her acknowledgment of its validity estops her from questioning that fact, as against the plaintiff, who in good faith has parted with his money to the one in whose favor she made the acknowledgment. If afterwards she ascertained that she had been deceived, and had acknowledged the validity of a deed which was in fact a forgery, the loss would be her own, as against an innocent party who had relied upon such acknowledgment. If she neglected to give the instrument such an examination as would inform her either that another instrument had been substituted for the one which she had signed, or that the signature thereto was not her own, the consequences of such neglect should fall upon herself, rather than upon one who, by

her own positive declaration of its genuineness, had been induced to part with his property. "When a man knows that he is conveying or doing something with his estate, but does not ask what is the precise effect of the deed, because he is told it is a mere form, and has such confidence in his solicitor as to execute the deed in ignorance, the deed so executed, although it may be voidable on the ground of fraud, is not a void deed." (*Hunter* v. *Walters*, L. R. 7 Ch. App. 88; see, also, *Goodell* v. *Bates*, 14 R. I. 65; *State* v. *Matthews*, 44 Kan. 596; *Tunison* v. *Chamblin*, 88 Ill. 378; *Shirts* v. *Overjohn*, 60 Mo. 305; *Chapman* v. *Rose*, 56 N. Y. 137; 15 Am. Rep. 401.) "Where one of two innocent persons must suffer by the act of a third, he by whose negligence it happened must be the sufferer." (Civ. Code, sec. 3543.)

The judgment and order are affirmed.

GAROUTTE, J. and PATERSON, J., concurred.