[S. F. No. 1702.   Department One.—November 5, 1900.]

W. H. BUTLER, Appellant, v. C. GOSLING et al., Respondents.

MEXICAN GRANT TO HUSBANDS—CONVEYANCE AND PATENT TO WIVES—
    SEPARATE PROPERTY—POWER OF HUSBANDS.—Where a Mexican grant
    of a rancho to two husbands was conveyed by them to their
    wives, in whose names the grant was confirmed and patented,
    the land so conveyed, confirmed, and patented is the separate
    property of the wives, which the husbands, as such, had no
    power to alienate.
ID.—DEED OF PATENTED LAND BY HUSBANDS AND WIVES—EXCEPTION—
    EFFECT UPON TITLE.— An exception in a deed of the patented
    rancho executed jointly by the husbands and their wives does

not inure to the husbands and wives jointly, nor create a title in the husbands which they did not possess immediately before the deed was executed. It leaves the title to the excepted land in the wives, as their separate property, as fully as if no deed had been executed.

ID.—RESERVATION OF TRACT TO BE SELECTED AND LOCATED—EXCEPTION—PROOF IN EJECTMENT.—A deed of the patented rancho by the husbands and wives, "reserving and saving from the effect and operation of this conveyance four square miles in two separate parts, to be selected and located by the parties of the first part," has the effect of an exception of the land reserved. But the exception does not show a title upon which an action of ejectment can be maintained, without proof that the excepted land has been selected and located.

ID.—POWER OF ATTORNEY FROM HUSBAND—SALE AND CONVEYANCE—SELECTION AND LOCATION NOT INCLUDED—TITLE NOT SHOWN.—A power of attorney from one of the husbands subsequent to such deed to sell and convey any portion of the rancho does not include power to select and locate the excepted tract of four square miles, nor can a deed by the attorney in fact of such husband of a larger tract operate either as a selection of such excepted tract or to prove any title to the land conveyed.

ID.—EXCEPTION IN DEED FROM GRANTEES—RECITAL OF RESERVATION BY HUSBANDS—TITLE NOT CONFERRED UPON STRANGERS.—An exception made by the grantees of the husbands and wives, in a subsequent conveyance, limited by its terms to land "heretofore disposed of and reserved" by the husbands named, cannot operate to confer title upon the husbands or upon any strangers to the instrument.

ID.—ADMISSION OR ESTOPPEL BY RECITAL—FAILURE OF PROOF.—Though such recital in the deed might, under certain circumstances, operate as an admission or estoppel in favor of the husbands named or their grantees, it cannot have that effect, where there is a failure to prove that the husbands named, or either of them, had disposed of or reserved any land prior to the conveyance.

ID.—EJECTMENT—REFUSAL OF AMENDMENT TO COMPLAINT—RENT—TITLE NOT PROVED—NONSUIT.—A plaintiff in ejectment, whose proof of title has failed, is not injured by the refusal of the court to permit an amendment to the complaint, claiming rent of the demanded premises; and a nonsuit is properly granted for failure of the plaintiff to prove title.

APPEAL from a judgment of the Superior Court of Napa County and from an order denying a new trial. E. D. Ham, Judge.

The facts are stated in the opinion of the court.

Robert Ash, and Moses G. Cobb, for Appellant.

F. E. Johnston, H. L. Johnston, and L. E. Johnston, for Respondents.

HARRISON, J.—Ejectment. The land described in the complaint is a part of the Rancho de Las Putas, which was granted by the Mexican government, and for which a patent was issued by the United States in 1863 to Nicholasa Higuera de Berryesa and Anastasia Higuera de Berryesa. In 1853 these patentees, with their respective husbands, conveyed to I. N. Thorn and John Treat the entire rancho, "reserving and saving from the effect and operation of this conveyance four square miles in two separate parts to be hereafter selected and located by the said parties of the first part, the lines of said reservations to conform to the lines shown on the plan of survey heretofore referred to, known as Van Doren's." In 1854 and 1855 Thorn and Treat executed conveyances to David N. Hunt and J. W. Hunt of the entire rancho, "saving and excepting six square miles heretofore disposed of and reserved by Jose Jesus and Sisto Berryesa." In 1861 Sisto Berryesa, the husband of Nicholasa aforenamed, made a power of attorney to Jose Santos Berryesa, "to mortgage, sell, and convey Las Putas Rancho or any portion thereof"; and under this power of attorney a conveyance was made March 2, 1862, to one Mathews, of a tract of land which includes the premises described in the complaint. Mathews conveyed the demanded premises to B. F. Butler, from whom the plaintiff claims by inheritance.

After the plaintiff had introduced the evidence of his title as shown by these conveyances, the defendants moved for a nonsuit on the ground, among others, that he had not shown any title or right to the possession in him of any part of the demanded premises. The motion was granted, and from the judgment thereon the plaintiff has appealed.

As the plaintiff's title is derived under the conveyance from Mathews to his father, it was incumbent on him to show that at the date of the conveyance Mathews had title to the land. Prior to any conveyance to Mathews the title to the entire rancho had become vested in the Hunts, with the exception of that portion which was included within the excepting clause

made in the deed to Thorn and Treat.  By the terms of this clause the grantors excepted "from the effect and operation of the conveyance" four square miles to be thereafter selected and located "by the parties of the first part."   Although this excepting clause begins with the word "reserving," it was in reality, as its terms declare, an "exception" of a portion of the land from the effect and operation of the conveyance, and the four square miles thus excepted remained the property of the grantors as fully as if no conveyance had been made by them.   The exception had the effect to leave the title to the excepted portion precisely as it was before the execution of the instrument. It did not create a title in either of the parties thereto other than they had possessed prior to its execution.   It does not appear from the record that any conveyance of the premises described in the complaint has ever been made by either of the patentees.

The only title which the plaintiff showed to have been held by Mathews to any part of the land was such as he derived under the power of attorney from Sisto Berryesa.   But by the terms of the exception in the conveyance to Thorn and Treat the land which was excepted was to be thereafter selected and located "by the parties of the first part" to that conveyance, and there is no evidence that such selection and location had ever been made.   Neither is there any evidence that Sisto Berryesa ever made such selection and location, even if it had been competent for him to do so.   The plaintiff's claim of title is derived under a conveyance executed by the attorney of Sisto, who had power only to "mortgage, sell and convey" any portion of the rancho.   He was not authorized to make the selection and location of the four square miles named in the deed to Thorn and Treat, and a conveyance by him of a tract of land that had not been "selected and located," and which was greater in extent than four square miles, could not operate as a selection of any portion of the rancho.

If it be assumed, as is claimed by the appellant, that the grant from the Mexican government was to Sisto and Jose Berryesa, and that the persons to whom the patent was issued were their respective wives, yet as they had conveyed the rancho to their wives before the petition to the land commission for

confirmation, the land became the separate property of their wives, and the husbands, as such, had no power to alienate it. (*Taylor v. Opperman*, 79 Cal. 468.)

The excepting clause in the conveyance from Thorn and Treat to the Hunts did not operate to vest any title in Sisto Berryesa. This exception is by its own terms limited to land "heretofore disposed of and reserved" by Jose Jesus and Sisto Berryesa. A reservation or an exception in a conveyance will not confer title upon a stranger to the instrument, although under certain circumstances it may operate as an admission in his favor, or as an estoppel against the grantor. It was not shown that Jose Jesus and Sisto Berryesa, or either of them, had ever disposed of or reserved any land prior to this conveyance to the Hunts.

The appellant suffered no injury by the refusal of the court to permit him to amend his complaint so as to set forth a claim for the value of the rent of the premises. If he was unable to sustain his right to the land, he could not be entitled to any recovery for its rental value.

The judgment is affirmed.

Garoutte, J., and Van Dyke, J., concurred.

Hearing in Bank denied.