[Civ. No. 344. Second Appellate District.—June 1, 1907.]

## W. H. HOLMES et al., Appellants, v. SALAMANCA GOLD MINING AND MILLING COMPANY et al., Respondents.

EJECTMENT—UNPATENTED MINING CLAIMS—ISSUES—PLEADING—FIND-INGS—ATTACK UPON PLAINTIFFS' DERAIGNMENT—FORFEITURE—RE-LOCATION.—In an action of ejectment for unpatented lode mining claims, where the complaint tendered the usual issues as to ownership, right of possession and ouster, the defendants, upon issues joined thereupon, were entitled to make any proof which would defeat the plaintiffs' title, and may introduce testimony assailing plaintiffs' deraignment of title, without pleading it, and showing a forfeiture by failure of plaintiffs to do annual assessment work for three years, and a valid location and holding by one of the defendants as a qualified locator without specially pleading it; and findings against plaintiffs' deraignment of title, and establishing plaintiffs' forfeiture of title, and the validity of defendants' relocation and holding upon sufficient evidence, cannot be assailed.

ID.—DEED FRAUDULENTLY OBTAINED.—A deed to the plaintiffs, which was obtained by plaintiffs fraudulently and wrongfully and surreptitiously, without the knowledge, consent, or acquiescence of the grantor, is no more effectual to pass title to them than if it were a total forgery, there being no principle of equitable estoppel applicable to the facts.

ID.—UNDELIVERED DEED FROM CORPORATION TO PLAINTIFFS.—A deed from a corporation to the plaintiffs which was never delivered passed no title to them.

ID.—RELOCATION BY ONE DEFENDANT—PLAINTIFFS' AVERMENT OF POSSESSION BY ALL DEFENDANTS.—Where the formal relocation was made by one of the defendants, but the plaintiffs have made all defendants parties, and aver possession by all of the defendants, a finding as to that effect is supported.

ID.—CORPORATE EXISTENCE OF DEFENDANT.—Where the plaintiffs alleged the corporate existence of the corporation defendant, no proof of its corporate character is required.

APPEAL from an order of the Superior Court of San Diego County, denying a new trial. N. H. Conklin, Judge.

The facts are stated in the opinion of the court.

Powers & Holland, for Appellants.

Collier & Smith, Works, Lee & Works; Lawler, Allen & Van Dyke, and C. F. Smith, for Respondents.

ALLEN, P. J.—Action to recover possession of certain unpatented mining claims. Defendants had judgment. Plaintiffs in due time appealed, upon a statement, from the order denying a new trial.

The only questions presented upon this appeal relate to the action of the trial court in admitting certain testimony and as to the sufficiency of the evidence to support certain material findings. The complaint is in the usual form, alleging plaintiffs' ownership, possession and right of possession on December 30, 1903, of three unpatented lode mining claims, designated as the "Bonanza," "Blossom" and "Lucinda," and of plaintiffs' ouster therefrom by defendants. The answer is a denial of the ownership and right of possession in plaintiffs, and of the ouster.

Under these issues the court found that on the date named plaintiffs were not the owners or entitled to the possession of said mining claims, although they were in actual possession; that plaintiffs had not performed the annual assessment work thereon for three years, and that defendants had made valid locations of such claims after forfeiture by plaintiffs and had taken peaceable possession and continued work thereon up to the commencement of the trial.

Plaintiffs deraigned title through mineral locations, the validity of which is not questioned, and through deeds from such locators and intermediate owners. The court, under objections, permitted the defendants to introduce testimony tending to vitiate two deeds affecting plaintiffs' title to the "Bonanza" claim. This action of the court is assigned as error,

because no question of fraud was raised by the answer. The recent decision of *Chrast* v. *O'Connor,* 41 Wash. 360, [83 Pac. 238], would seem to settle this question adversely to appellants. That decision is based upon *Mather* v. *Hutchinson,* 25 Wis. 27, where it is held that under a complaint averring ownership in general terms, the defendant must be allowed to prove anything which would defeat the title offered by the plaintiff. The reason assigned is most convincing, for plaintiff not being required to set up his deraignment of title, he might upon the trial prove under such general averment any source of title available. Any other rule applying to defendants would require them to foreknow and avoid, by specific allegations, a title which plaintiff was not bound to disclose at all. This rule has support, also, in *Cooper* v. *Miller,* 113 Cal. 246, [45 Pac. 325], *Goldberg* v. *Bruschi,* 146 Cal. 710, [81 Pac. 23], and *Sparrow* v. *Rhoades,* 76 Cal. 211, [9 Am. St. Rep. 197, 18 Pac. 245].

The court found that the plaintiffs were not the owners or entitled to possession of the mining property on December 30, 1903, nor were they on said date ousted therefrom by defendants. These findings are attacked by appellants upon the ground that there is no evidence in the record sufficient for their support. The findings of the court as to the ownership and right of possession may be sustained upon either of two theories: First, that plaintiffs failed in their deraignment of title from the original locators; or, second, that all rights under the original location had lapsed by reason of the failure to do the annual assessment work required by the federal statutes in order to perpetuate the possessory right, and that defendants exercising a right of citizenship had entered thereon and made a subsequent location before resumption of work by appellants.

The first theory, in so far as the "Bonanza" claim is concerned, derives its support alone from the testimony of one Acosta, which is to the effect that he never knowingly or voluntarily made any conveyance of this mine to plaintiffs, and never knew that he had any title to the mine and never made any claim of ownership thereto; that his only contract with the plaintiffs was that if they would pay him $400 in settlement of a claim of $650, which he held against certain trustees, he would give them a receipt in full; that pursuant

to this agreement he went with plaintiffs to the town of Hedges, where several papers were spread upon a counter; that when he signed one, plaintiffs took it away and presented him with another; that in that way he signed two, three, or four papers; that no notary or other officer ever made known to him the contents of the papers so signed, or asked him any questions in relation thereto; that personally he did not know or care what he was signing, but simply wanted to get his money and get away from the mine; that he had never had knowledge of any deed having been made to him by such trustees until he received that information in court upon the trial. If the court accepted Acosta's statements as true, which fact is suggested by the findings, it would follow that the possession of the deed from Acosta was obtained by the plaintiffs surreptitiously. A deed, the possession of which is fraudulently or wrongfully obtained from the grantor, without his knowledge, consent or acquiescence, is no more effectual to pass title to a supposed grantee than if it were a total forgery. (Devlin on Deeds, sec. 267, and cases cited.) The validity of the deed from Acosta to plaintiffs depends upon his due execution thereof and voluntary delivery. That such deed be voluntary, it is essential that the character of the instrument be known, as well as that the act of delivery should be intended by the party. If the delivery be not voluntary, the instrument is a nullity, unless some act is shown in respect thereto which would estop the grantor from denying its validity, or by some subsequent act a ratification is established. There is nothing in the record from which it may be claimed that plaintiffs were, by the conduct of Acosta, led to do what they otherwise would not have done to their pecuniary prejudice—this being said to be the vital principle of equitable estoppel. (*Carpy* v. *Dowdell*, 115 Cal. 677, [47 Pac. 695].) If Acosta's statements be true, under the contract with plaintiffs the payment of the $400 made by plaintiffs was not upon the faith of any conveyance, nor was it intended that a conveyance should enter into the transaction connected with the payment of money to him. Neither can it be said that, with knowledge of the transaction brought home to him, Acosta ever acquiesced in said deed or ratified the same.

As to the ''Blossom'' mine, the record discloses that the title thereto was never in Acosta; that as early as 1891 the owners of said mine joined in a conveyance of the ''Blossom'' mine to a corporation known as the Blossom Mining and Milling Company. If the plaintiffs ever acquired any title to this particular mine, it was through a conveyance directly to them by the Blossom Mining and Milling Company, authorized by the board of directors in 1902. It appears from the testimony of the secretary that, notwithstanding the authorization at the date last named and the physical signing of the deed pursuant thereto by the president and secretary of the corporation, the secretary retained possession of the deed, and put the same in the minute-book of the corporation, where it remained until long after the commencement of this action; when the officers acknowledged the same and it was placed upon record. From this evidence the court was justified in an implied finding that the conduct and acts of the parties in 1902 did not amount to a delivery, nor does it appear from the record that an immediate delivery was intended, notwithstanding the secretary was also one of the grantors; nor is there anything shown indicating that plaintiffs ever paid to the corporation anything of value for this property, or ever acquired any equitable interest therein.

As to the ''Lucinda'' claim, nothing appears in the record supporting plaintiffs' claim of ownership and right of possession. If, therefore, these plaintiffs, without color of title entered into the possession of any of these mineral claims without relocation or initiating any right thereto, the same were open to relocation at any time after the legal owners were in default in the annual assessment work. It is contended, however, by appellants that evidence of. the non-performance of the annual assessment work was inadmissible because no claim of forfeiture was alleged in the answer. Under a general denial or its equivalent, each party to a contested action claims the title out of which the right of possession springs, and the court determines which of the two holds it. (*Marshall* v. *Shafter,* 32 Cal. 197.) It must be conceded that if the defendants' title is in issue, they are entitled to prove those facts which tend to support it, and it is essential in determining defendants' ownership in the case at bar for the court to know whether or not the mineral

ground which they claim to have relocated and own was at the date of relocation open thereto. Section 2324, Revised Statutes of the United States, [U. S. Comp. Stats. 1901, p. 1427], provides that, upon a failure to comply with the conditions relative to the annual assessment work, the claim or mine "shall be open to relocation in the same manner as if no location of the same had ever been made; provided, that the original locators, their heirs, assigns, or legal representatives, have not resumed work upon the claim after failure and before such location." There is little room for controversy as to the default upon the part of the owners under the original location in the performance of the annual assessment work for the three years preceding the relocation. Whoever were the successors to the ownership of the original locators, if they failed for three years to perform the annual assessment work, the mines and claims became open to relocation. It is determined in *Contreras* v. *Merck*, 131 Cal. 214, [63 Pac. 336], that the principal fact at issue was the ownership of the mine; that it was not necessary for plaintiffs to allege forfeiture or abandonment by defendants. If this be the rule, as applying where the issue of ownership is raised by the answer with the presumptive denial upon the part of plaintiff, no reason is apparent why the same should not apply to the issues raised by a complaint and answer. If the original locator, or his successors in interest, be in default in such annual assessment work, they are no longer the owners of the exclusive possessory right; and the defendant should be permitted to show that such exclusive possessory right has terminated, and that after such termination he peaceably entered upon the premises and relocated the same. The mere naked possession of mineral land does not guarantee any rights as against a subsequent locator entering in good faith and making a valid location of the property. (*Horswell* v. *Ruiz*, 67 Cal. 112, [7 Pac. 197].)

It is further claimed by appellants that there is no evidence connecting any of the defendants, other than Clark, with the relocation, or title to these claims. We think this point need not be considered further than to suggest that the plaintiffs have made all of these defendants parties, and have alleged that they had ousted plaintiffs from the possession, and were the present occupants of the premises. They allege

that the Salamanca Gold Mining and Milling Company is a corporation, and no finding in that regard was necessary.

A careful examination of the record convinces us that there is no prejudicial error apparent therein, and the order is affirmed.

Shaw, J., and Taggart, J., concurred.