[Civ. No. 14983.   Second Dist., Div. Three.   Feb. 19, 1946.]

GEORGE J. MOTT, Appellant, v. L. NARDO et al.,
Respondents.

Phillip W. Silver for Appellant.

John W. Preston for Respondents.

SHINN, J.—Plaintiff brought this action for damages and for injunctive relief, alleging that he was a lessee of agricultural land, that he had arranged to receive water from Moneta Water Company by means of a ditch which extended across the land of defendant Chester, consisting of 10 acres, being the north half of the north half of lot 52, McDonald's tract of Rancho San Pedro; that defendants Chester and his agents destroyed the ditch on the Chester land, depriving him of water for irrigation and that his crops were thereby destroyed. He alleged that Moneta Water Company was the owner of an easement for the maintenance of the ditch over the Chester land. Defendants denied the existence of the alleged easement, admitted the destruction of the ditch, and denied that it had been destroyed wrongfully. The court found that the water company did not own an easement over the Chester land and rendered judgment for defendants. Plaintiff appeals.

The above described land was owned on June 11, 1903, by German-American Trust and Savings Bank. On that day the bank and M. N. Avery, Trustee, made a deed of the land

to one L. K. Stamps, which contained the following reservations: "A right-of-way for the construction and maintenance of water conduits for irrigation and domestic purposes is reserved. The right to develop water for irrigation purposes, excepting for the land hereby conveyed, is also reserved from this conveyance." At the date of the deed M. N. Avery, individually or as trustee, had no title to or interest in the land and he thereafter acquired none. On March 17, 1910, Avery, as trustee, gave a quitclaim deed to Moneta Water Company of all rights reserved by him in deeds theretofore issued by him to purchasers in the McDonald tract, namely, reservations such as the one in the deed to Stamps. On October 10, 1928, Avery and wife executed a similar deed to the water company. These three deeds constitute plaintiff's evidence in support of the claimed ownership of the easement by the water company. The court found, after a partial trial of the case, that the water company had a prescriptive right to the easement, but the case was reopened for further evidence and plaintiff abandoned the claim of title to the easement by prescription. Plaintiff stood upon the claimed record title of Avery to ownership of an interest in the easement and contended that if the title of record was not good, defendants were estopped to deny its sufficiency. Defendants denied that Avery ever had any interest in the easement and they alleged and proved that on May 14, 1943, Security-First National Bank of Los Angeles, successor to German-American Savings Bank, executed and delivered to defendant Chester a quitclaim deed covering all rights reserved by the bank in its deed to Stamps. There was no evidence that when Chester purchased his land he had any knowledge that the water company claimed an easement by virtue of the Avery deeds. In the deed by which he took title or those to his predecessors, other than Stamps, no reference was made to the reservation in the Stamps deed.

Plaintiff does not question that it is the rule that a reservation or exception in a deed in favor of a stranger to the deed creates no estate or interest in the latter. He points out that Avery was named as a grantor but concedes that he was a stranger to the title. He quotes a statement from *Butler* v. *Gosling* (1900), 130 Cal. 422, 426 [62 P. 596], as follows: "A reservation or an exception in a conveyance will not confer title upon a stranger to the instrument, although under certain circumstances it may operate as an

admission in his favor, or as an estoppel against the grantor" and from *Boyer* v. *Murphy* (1927), 202 Cal. 23, 33 [259 P. 38], quoting Devlin on Deeds, third edition, section 982, as follows: " 'A stranger to a deed cannot take title by reservation. But it may operate, when so intended by the parties as an exception from the thing granted.' " The same rule is stated in *Elliott* v. *McCombs* (1941), 17 Cal.2d 23 [109 P.2d 329], where supporting cases are cited, and in 39 American Law Reports 128. ■ Avery was a stranger to the title and, of course, had no interest which could be subject to a reservation or exception in the deed. The deed did not purport to operate as a conveyance of an interest to him. Although he was named as a grantor and signed the deed as trustee, the reservation was a nullity so far as he was concerned. ■ A reservation or exception in a deed does not create an estate or interest in the thing reserved.

Moneta Water Company ran an irrigation ditch across the land in 1912 and it was used for the conveyance of water for many years, but for a number of years prior to Chester's purchase in 1940 the ditch had not been used. The duration of these several periods is not material, inasmuch as there is no claim of a prescriptive title to the easement. Early in 1943 plaintiff cleaned out what was left of the ditch and used it for the conveyance of water until the summer of 1943, when its further use was prevented by defendants.

■ Plaintiff's theory of estoppel is based upon the bank's "allowing M. N. Avery to assume that joint title to the right-of-way was being reserved unto him, and further thereupon enabling him thereafter on that assumption to make and execute a deed to said right-of-way to the Moneta Water Company, who in turn relied upon the validity of said deed from M. N. Avery, and who, likewise in turn led the plaintiff herein to believe that he would be entitled to the use of the right-of-way for the passage of water by permission of the Moneta Water Company, the grantee of said right-of-way, all to the ultimate damage of the plaintiff." These facts, it is asserted, are sufficient "to estop the defendant, Chester, the successor in interest of the German-American Savings Bank, from questioning the right or the validity of the deed from M. N. Avery to the Moneta Water Company and of the privilege of the plaintiff to the use of said ditch through the permission granted the plaintiff from the Moneta Water Company." Plaintiff quotes section 1962, subdivision 3 of

the Code of Civil Procedure, which reads as follows: "Whenever a party has, by his own declaration, act, or omission, intentionally and deliberately led another to believe a particular thing true, and to act upon such belief, he cannot, in any litigation arising out of such declaration, act, or omission, be permitted to falsify it" and the following from 10 California Jurisprudence, page 626: "The whole office of an equitable estoppel is to protect one from a loss which, but for the estoppel, he could not escape. The vital principle of equitable estoppel, it has been said, is that he who by his language or conduct leads another to do what he would not otherwise have done shall not subject such person to loss or injury by disappointing the expectations upon which he acted. Such a change of position involves fraud and falsehood, and the law abhors both." Plaintiff's argument assumes that the bank either knowingly or with culpable negligence allowed Avery to hold himself out, and to deal with the water company, as the owner of an interest in the easement in common with the bank. It was held in *Davis* v. *Davis* (1864), 26 Cal. 23 [85 Am. Dec. 157]; and restated in *Gioscio* v. *Lautenschlager* (1937), 23 Cal.App.2d 616, at 620 [73 P.2d 1230], that, "In order to constitute an equitable estoppel with respect to the title of property, it must appear that the party to be estopped has made admissions or declarations, or done acts with the intention of deceiving the other party with regard to the title, or with such carelessness or culpable negligence as to amount to a constructive fraud, . . ."

Plaintiff did not prove or offer to prove that there was ever any communication between the water company and the bank with reference to the easement or that the bank ever made any statement concerning the same. There was no evidence that the bank had knowledge of any negotiations between the water company and Avery or of the execution of the quitclaim deeds by Avery.

We have seen that plaintiff's first premise in presenting his theory of estoppel is that Mr. Avery held record title to the easement in common with the bank, and that this is a false premise. It appears further that the bank did not by word or act lead the water company to believe that Mr. Avery held title or ownership. The next step in plaintiff's argument is that the bank allowed it to appear of record that Mr. Avery owned an interest in the easement and thus made it possible for the water company to be deceived as to Mr.

Avery's apparent interest. Plaintiff, indeed, insists that the water company relied upon the record, and we think it is clear from the evidence that it relied solely upon the record. Since the reservation in the deed to Stamps did not vest in Avery any interest in the easement, the bank and its successors were free to dispute any claim asserted by Avery or his assigns. The bank was not negligent in failing to take action for the removal of a cloud upon its title to the easement, originating in the attempted reservation in favor of Avery, as well as the bank, in the Stamps deed. It had a right to treat the attempted reservation in favor of Avery as a nullity, as indeed it was. There was no implied representation, in the mere inaction of the bank, that Avery had a valid interest of record or an interest other than that shown by the record. The bank therefore could feel secure in the belief that anyone undertaking to acquire the easement would learn from the record that it belonged to the bank and would govern himself accordingly. ▮ It is a familiar rule that there can be no estoppel with respect to title where the knowledge of both parties is equal and nothing is done by the one to mislead the other. (*Eltinge* v. *Santos* (1915), 171 Cal. 278, 284 [152 P. 915, Ann.Cas. 1917A 1143]. See, also, *Gioscio* v. *Lautenschlager, supra,* 23 Cal.App.2d 616; *Selinger* v. *Milly* (1942), 51 Cal.App.2d 286, 294 [124 P.2d 631]; *Jones* v. *Coulter* (1925), 75 Cal.App. 540, 551 [243 P. 487]; 31 C.J.S. 309, § 90.)

There was testimony to the effect that at the time the ditch was installed the water company notified the then owner of the Chester land that it was locating and installing the ditch and that no objection was made thereto. There was no evidence that there was any communication between the water company and the bank at that time or thereafter with reference to any claims of the water company, nor was there evidence that the bank had knowledge that the water company, in constructing the ditch, was claiming ownership of the easement through the deeds from Avery.

▮ It is plaintiff's theory that the bank had constructive knowledge of the water company's purchase of the easement from Avery and should therefore have notified the water company that Avery had no title. It was stipulated that at the time of the execution of the Stamps deed and also when Avery executed the later deeds, he was an officer of the bank. From this fact plaintiff argues that knowledge

of the acts of Avery in asserting ownership of an interest in the easement, and in transferring it to the water company, will be imputed to the bank. This argument must fail because the assertion of title to an interest in the easement and the attempted transfers of the same by Avery would have been acts adverse to the interests of the bank. It is the invariable rule that knowledge of the acts of an agent which are in his own interest or in the interest of others and adverse to those of his principal will not be imputed to the principal because of the mere existence of the agency. (2 Am.Jur. 298, § 379; 3 C.J.S. 202, § 269; 1 Cal.Jur. 852, § 129.) Plaintiff's evidence was insufficient to establish facts which would estop the bank or its assigns from questioning the claim of the water company to ownership of the easement.

■ Plaintiff made various offers of proof to which objections were sustained. Among these were the following: that the bank did not notify the water company that Avery had no valid claim of ownership of the easement and no right to transfer it; that Avery was a trustee of the bank in 1910; that the water company paid a consideration to Avery for conveyance of the easement, and that plaintiff inquired of the water company as to whether it owned an easement over the Chester land at the time he arranged to receive water from the company. This evidence was offered in support of the claimed estoppel, but no evidence was offered to supply the deficiencies of proof hereinbefore enumerated. The court did not err in its rulings. The evidence, if received, would have been wholly insufficient to establish an estoppel.

■ Likewise, it was not error for the court to decline to make findings upon the issue of estoppel, since the findings, if they had been made, would have been adverse to plaintiff. (2 Cal.Jur. 1033-4.)

The judgment must be affirmed for the reasons stated; it is unnecessary to mention other matters which are discussed in the briefs.

The judgment is affirmed.

Desmond, P. J., and Wood, J., concurred.