[Civ. No. 19848.   First Dist., Div. Three.   Mar. 23, 1962.]

ROLAND A. SMITH, Plaintiff and Appellant, v. R. J. KRAINTZ, as County Building Inspector, etc., Defendant and Respondent.

MacDonald, Brunsell & Walters and William Walters for Plaintiff and Appellant.

John A. Nejedly, District Attorney, Robert Brunsell and Charles L. Hemmings, Deputy District Attorneys, for Defendant and Respondent.

DEVINE, J.—Plaintiff appeals from a judgment denying his petition for writ of mandate to compel defendant, building inspector of the County of Contra Costa, to issue a building permit for a structure on a lot owned by plaintiff. A building permit was issued on September 29, 1960, but was revoked on October 7, 1960, on the ground that the application for the permit had not disclosed the existence of an easement, or right of way, for the benefit of the public generally and of Bethel Island County Fire Protection District in particular.

In 1959, plaintiff bought a lot on the easterly part of which there is a ramp leading to a levee. The building he wishes to erect would cover part of the ramp and would make impossible its use for access by the public. Plaintiff testified that, although he was told by his grantor of the existence of the ramp, he was not told that it was an open right of way, and that he understood it to be a personal ramp of the grantor's. There is nothing in the record which either clearly admits or clearly contradicts this testimony, and the judgment was not based on prior knowledge, actual or constructive, by the grantee, of public use of the ramp.

The court made findings and conclusions of law that a right of way belonged to the public because of (1) reservation of said right of way in a deed to Goodrich, plaintiff's grantor, from Goodrich's grantor, Hollender, (2) open and notorious user by the public and especially by the fire department since 1952, or at the latest 1953, and (3) dedication by Hollender and Goodrich and acceptance by the public of the right of way. (Throughout this opinion, the names Hollender and

Goodrich are given in the singular, for convenience, although each of these parties was married and their spouses are parties.)

Prior to 1952, Hollender owned the property, and in that year he sold it to Goodrich, and placed in the deed a reservation of a "non-exclusive right of way for road purposes and public utilities." The reservation described the portion of the lot now used for the ramp, but at that time there was no ramp, nor was there a road, but in 1952 or 1953 a public road was constructed adjacent to the property, and from this road the ramp was built to the levee. Mr. Hollender, the former owner, contributed the sand for the ramp, neighboring property owners contributed funds for the fill, and the county supplied a culvert.

From the time of its construction, the ramp has been used by "anyone, or everyone," according to Goodrich's testimony, and without asking permission from Goodrich, because, he testified, it was the understanding with the immediate property owners when they helped to build the road and ramp, that the ramp was to be used by the public. Specifically, it was used by the fire department for access to the levee.

The deed from Goodrich to Smith does not contain any reservation, but describes the entire lot.

■ Before discussing the subject of dedication, we advert to appellant's contention that revocation of the permit was improper, even if there were an easement, because there was no fraud in the applying for it. This is without merit. Ordinance No. 1372 of the County of Contra Costa permits revocation of building permits for "fraud, misrepresentation or false statement contained in an application." There was a false statement, although not a fraudulent one, in the application for the building permit, wherein plaintiff described himself as the owner of the property. We have come to the conclusion, as set forth below, that he was not the owner in the sense referred to in the application, because of the existence of the easement. The application contains a warning that the permit "does NOT INCLUDE any construction within the Public Right of Way." Thus, there having been no building following the permit, and the permit having contained a false statement, the proper authority, in this case the chief building inspector, could revoke it. (*Trans Oceanic Oil Corp. v. City of Santa Barbara*, 85 Cal.App.2d 776, 783 [194 P.2d 148].) It is true that there is no express representation by the applicant that he is the owner of the property, but simply

his description as owner in the application, but we find this sufficient to constitute, within the meaning of the county ordinance, a false representation; ██ ██ and, in any event, mandamus being a remedy essentially equitable, the writ should not be granted where its enforcement would work an injustice or accomplish a legal wrong (32 Cal.Jur.2d, Mandamus, § 14, pp. 142-143), and it cannot be thought proper for the court to command the granting of a permit to allow building on an easement held by the public.

This preliminary consideration having been disposed of, we turn to the principal question in the case, namely, whether an easement actually existed. ██ In respect of the actions of Hollender, appellant contends, correctly, that reservation in a deed must be to the grantor and cannot be made to a stranger to the deed. (*Elliott* v. *McCombs*, 17 Cal.2d 23 [109 P.2d 329]; *Boyer* v. *Murphy*, 202 Cal. 23, 34, 35 [259 P. 38]; *Mott* v. *Nardo*, 73 Cal.App.2d 159, 162 [166 P.2d 37].) ██ ██ The intent to dedicate, however, may be established in every conceivable way in which such intention may be manifested, and the reservation in the deed, although not effectual as such reservation, may be found by the court to evidence the essential intent to dedicate to the public. (*Wheeler* v. *City of Oakland*, 35 Cal.App. 671, 674 [170 P. 864].) The subject of acceptance is discussed below.

Of course, if there was dedication by Hollender, as we think there was, there was nothing left for Goodrich to dedicate in respect of the dedicated property, but we discuss the actions of Goodrich because we have concluded that if Hollender did not dedicate, Goodrich did. The actual consent by the owner, Goodrich, to the public use was demonstrated by his testimony, ''I threw it open to the public or anyone,'' and by his conduct in allowing anyone who wished to use the ramp for a period of six or seven years until he sold the land. ██ The user was not by temporary license, nor was there any asking of permission from time to time by the public or by the fire department, in particular; the user continued for more than five years, and there was no objection by anyone, so that the rule applies that was stated in *Hare* v. *Craig*, 206 Cal. 753, 757 [276 P. 336], and in *Arnold* v. *City of San Diego*, 120 Cal.App.2d 353, 356 [261 P.2d 33] : ''When the public or such portion of the public as had occasion to use a road has traveled over it for a period of more than five years with full knowledge of the owner, without asking or receiving permission to do so and without objection being

made by anyone, a conclusive presumption of dedication to the public arises.''

Even had the use been for a shorter time than five years in this case, there would have been dedication by the owner because of his complete consent and acquiescence to the public use. (*Union Transportation Co.* v. *Sacramento County,* 42 Cal.2d 235, 241 [267 P.2d 10].)

Appellant argues that dedication could not have been intended by Goodrich, else he would have described the easement in his deed to plaintiff, but this is not conclusive, for the omission may have been because of oversight, or because Goodrich believed that Smith knew of the easement. In any case, the rights of the public, once acquired, could not be defeated by later acts or omissions of Goodrich in his transaction with Smith, and these parties must have their differences settled by the lawsuit between them which, the evidence shows, is pending.

Acceptance of dedication may be established by formal official action (which was not the case here), or by official act of dominion over the property, such as by maintenance and repair work, or by public user, the last two elements usually co-existing. (15 Cal.Jur.2d, § 51, p. 335.)

The county furnished a culvert, and anyone who wished drove up the easement to the levee; and, in particular, the fire department made use of the ramp, and the ramp was constructed by the joint efforts of a portion of the public, probably those who would be most interested in making use of it. This is sufficient to constitute acceptance. (*Venice* v. *Short Line Beach Land Co.,* 180 Cal. 447, 450 [181 P. 658].)

Appellant argues that there is a fatal variance in the findings and conclusions of law in this, that the court found both dedication and adverse user. This is not so, for although a public easement arises only by dedication, and not by prescription, adverse user may give rise to implied dedication. (*People* v. *Sayig,* 101 Cal.App.2d 890, 896 [226 P.2d 702].)

Judgment is affirmed.

Draper, P. J., and Salsman, J., concurred.