LOGAN'S ADM'R, Appellant, v. CALDWELL, Respondent.

1. A deed of conveyance of a tract of land, executed by A., contained the
   following reservation: "The said A. reserves the use of said tract of land
   and farm thereon, or the rents and profits arising from it, during his life
   and the life of his wife." *Held*, that this reservation created no interest in
   the wife, and that the personal representatives of A. and not of his wife,
   would be entitled to money becoming due for the use and occupation of the
   premises by A.'s grantee after the death of A. and before that of his wife.
   (LEONARD, J., dissenting, holding that, upon the death of the husband, the
   interest created by the reservation, being a freehold interest, passed to the
   heir, and not to the administrator.)

*Appeal from Perry Circuit Court.*

This was a suit instituted by the administrator of John Logan to recover rent claimed to have become due under the reservation contained in a deed from John Logan to the defendant, Caldwell. It appears by the finding of the court that defendant Caldwell had paid for the use and occupation of the premises up to the death of Logan. The court decided that the defendant was " not responsible to the plaintiff, the administrator of Logan, for any rent accruing after the death of Logan, the same belonging to Rosannah W. Logan, the widow of Logan, she having survived him." Judgment was accordingly given for defendant. Plaintiff appealed.

*Frissell*, for appellant.

*Noell*, for respondent.

I. After the death of John Logan the rents reserved in that deed were reserved for the benefit of his wife Rosannah W. Logan, and the administrators of John Logan have no right to recover the same. Such was the plain intention of the parties as appears from the face of the deed, and that intention, when executed, will be carried into effect. (Perry v. Craig, 3 Mo. 360 ; Gathwright v. Calloway county, 10 Mo. 663; Com. Dig. 23.)

II. The rent claimed in this case having accrued after the death of plaintiff's intestate, does not accrue to him as administrator, even should the deed warrant the construction claimed by his counsel. If any right of action exists, it is in the heirs and not the administrator. (Bacon's Abr. tit. Rent, 348–9.)

SCOTT, Judge, delivered the opinion of the court.

John Logan conveyed a tract of land to the defendant, Caldwell, in fee, with the following clause, by way of exception or reservation, viz : " *With this exception, that said John Logan reserves the use of said tract of land and farm thereon, or the rents and profits arising from it, during his life and*

*the life of his wife.''* John Logan's wife survived him, and the question is, whether this clause gives the rents and profits accruing after his death to his wife.

We see nothing in the language used which can by any implication create any estate or interest in the wife. If the reservation had been during the life of the wife alone, would she have taken any interest? Can the circumstance that it is made during the joint lives of herself and husband vary the effect of it? If a landlord reserves a rent in a lease to B. during the life of C., does that, by any implication, entitle C. to the rent? We see no difference between that case and the present one. There is nothing in the relationship between husband and wife which can make a difference.

It was insisted for the defendant that the administrator of John Logan had no right to sue for the rent; that if any right of action existed, it was in his heirs and not in his administrator. We do not consider that the clause in the deed that has given rise to this controversy, created the relation of landlord and tenant between John Logan and the defendant. A rent, strictly speaking, must be certain, or that which may be made certain. Here, there is no reservation of any thing certain. The entry of the defendant under the deed impliedly raised on his part a promise to pay for the use and occupation of the land. That promise to Logan was transmissible to his personal representatives. Judge Ryland concurring, the judgment will be reversed, and the cause remanded.

LEONARD, Judge. The reservation here, I think, is to the husband during the joint lives of himself and wife, and the wife, therefore, took no interest, although it is very probable the husband meant otherwise. Upon the husband's death this was an estate *pur auter vie*, and, being a freehold interest, did not vest in the administrator, so as to entitle him to sue for the use and occupation had after the husband's death. (4 Kent Com. 26, 27.) In most of the states provision has been made by statute, vesting such estates in the administrator; but nothing of

the kind has been done here. If it were to be considered as an estate *pur auter vie* in a rent, instead of an estate in the land, it would, at common law, be extinguished by the death, (Co. Litt. 41, *b*, and Hargrave & Butler's note 240,) and we have no statute remedying this defect.

There is no express contract here on the part of the grantee in the deed to pay the husband for the use of the land, and although, while he was alive and the owner, such a contract would be implied from the use in favor of the husband as owner, none can be implied after his death, without first assuming that this freehold interest in the land belonged to the administrator as such.

I think the judgment is right, although for a different reason from the one upon which I suppose it was given.