ALPHONSO V. LEMON et al., Appellants, v. NANNIE E. LEMON.

Division Two, February 16, 1918.

1. **CONVEYANCE: Reservation of Dower and Homestead: Widow's Interest.** A warranty deed in the usual form, made by a husband and wife, which recites that the wife "does not intend in any wise to relinquish her right of homestead or dower" and that "the estate in remainder is the estate intended to be conveyed, and said first parties are to have the use and profit of said place as long as both or either of them shall live," neither conveyed nor reserved to the wife any estate or interest in either the property or its enjoyment which she did not already have. Without the deed she had both inchoate dower and homestead, and those are the only interests it attempts to reserve to her, and as the husband made no attempt thereafter to grant any interest in the use and profits reserved to him, her rights in the property after his death are exactly the same as if the deed had never been made; and as the property was abandoned as a homestead during the husband's life, the widow has only dower therein.

2. ———: **Wife as Grantor: Interest in Reservation.** A wife who joins her husband as a grantor in a deed, in order to take anything by a reservation therein, either (1) must have an existent estate of her own therein and reserve it, or (2) her husband, who actually has an estate therein and excepts an interest thereof from the grant, must convey the excepted interest to her.

3. ———: **Wife's Interest in Reservation: No Deed From Owner.** Where the husband, who owned the land, in his warranty deed, in which his wife joined, reserved for himself the rents and uses of the land and excepted a life estate therefrom, and attempted to reserve and except a like interest and estate for her, and did not thereafter convey said reserved interest and excepted estate to her, she never owned it and cannot because of such reservation or exception claim it after his death.

4. ———: **Of Inchoate Dower.** The joining of a wife with her husband in a deed conveying his lands does not operate by way of a grant of her inchoate dower, but only by way of estoppel. The deed of one entitled to inchoate dower or contingent homestead operates only as a release of the contingent future estate, and not by way of grant.

5. ———: **By Written Instruments.** Under the statute (Sec. 2787, R. S. 1909) lands and estates therein can be conveyed only by written instruments.

6. ———: **Reservation: Exception: Meaning.** A reservation in a deed must be made for the benefit of that grantor who, having an interest in the thing granted, may logically reserve from the operation of the grant a part of the estate or thing granted, or some right growing out of or appurtenant to it; and if it pertains to a lifetime use, it dies with the grantor. If the deed carves an exception out of the estate, and that exception is not passed to the grantee, then such exception remains a part of the grantor's estate, and unless disposed of by a later grant passes on his death to his heirs or devisees.

7. ———: **Exception: Passes to Heirs or Devisees.** Where the grantor, who was owner of the fee, by a deed in which his wife joined, in the *habendum* clause, "reserved a life estate in the property," and then said that "the estate in remainder is the estate intended to be conveyed and the first parties are to have the use and profits of said land as long as both or either of them shall live," he thereby carved out an exception from the grant of a life estate in the use and profits both for himself and his wife, which did not pass to the grantee upon the grantor's death, for the use is expressly reserved for the life of another (the wife), but passed to the grantor's heirs if he died intestate or to his devisees if he died testate, and, though it was not by that instrument granted to his widow, she has dower therein during her life.

Appeal from Pike Circuit Court.—*Hon. Edgar B. Woolfolk,* Judge.

Reversed and remanded.

*J. O. Barrow* and *Hostetter & Haley* for appellants.

(1) The conveyance in the case at bar wherein the wife figured as a grantor, joining in the conveyance with her husband, could not, considering the nature and office of a deed, be construed as conveying to her any interest in the land. Logan's Admr. v. Caldwell, 23 Mo. 372. Land and estates or interest therein can only be conveyed by a written instrument. Sec. 2787, R. S. 1909; Tapley v. Ogle, 162 Mo. 197. Nannie A. Lemon's only right or interest in the land at the time of joining in the deed was that of inchoate dower. Inchoate dower is not an estate. It is simply a right. Brannock v. Magoon, 216 Mo. 729; McCrillis v. Thomas, 110 Mo. App. 703. She released only her inchoate dower interest and could not reserve a greater interest than that conveyed. 2 Delvin on Deeds (2 Ed.), p. 1835, sec. 980. Hence under any theory, she could not reserve a life estate, by reservation or exception, from an inchoate right of dower. She could not as a grantor convey any estate to herself and particularly she could not reserve anything in excess of that which she possessed at the time of the execution of the deed; all she then possessed was an inchoate right of dower. (2) The intent with which a deed was executed, however manifest it may appear, cannot prevail against a positive rule of law. Hogan's Heirs v. Welcker, 14 Mo. 177. Inchoate dower is not property. McCrillis v. Thomas, 110 Mo. App. 699; Brannock v. Magoon, 216 Mo. 727; DeBar v. Priest, 6 Mo. App. 531; Sec. 2789, R. S. 1909. (3) Abandonment of homestead by husband and wife forfeits homestead right. Duffey v. Willis, 99 Mo. 132. (4) The deed in the granting clause conveyed the property in fee to the grantee and a life estate was reserved by the grantor out of the fee conveyed. The clause at the end of the deed undertaking to create a life estate in Nannie

A. Lemon after the life estate of grantor, Joseph R. Lemon, shall have terminated, is utterly inconsistent with the granting clause and with the other preceding clauses in the deed and will be held null and void. 1 Delvin on Real Estate (3 Ed.), p. 310; Hughes v. Hammond, 136 Ky. 694, 26 L. R. A. (N. S.) 808; Carl-Lee v. Elsberry, 82 Ark. 209, 12 L. R. A. (N. S.) 959, notes. The Missouri rule of "intention as gathered from the four corners of the instrument" as announced in Utter v. Sidman, 170 Mo. 284, will not be permitted to validate such clause undertaking to give Nannie A. Lemon a life estate upon Joseph R. Lemon's reserved life estate because of the utter repugnancy between said clause and the granting clause of the deed. The judgment is erroneous in any event because the court did not determine the interest of plaintiff. He certainly had some interest under the deed regardless of the interpretation placed upon it on account of certain clauses therein. In effect the trial court held he had no interest. This being a suit to determine title it was the duty of the trial court to ascertain and determine by its judgment the interest of all the parties to the suit. Sec. 2535, R. S. 1909; Richards v. Mining Co., 221 Mo. 149; Powell v. Crow, 204 Mo. 481; Seidel v. Cornwell, 166 Mo. 51; Wilson v. Lubke, 176 Mo. 210.

*Gatson & Hollingsworth* for respondent.

(1) The intention is gathered from the four corners of the instrument, giving effect and harmonizing all parts of the deed or instrument if possible. No part or clause of the deed by reason of location is exalted; and no part of the deed, if it will aid and assist in arriving at the true intention of the parties will be ignored. Utter v. Sidman, 170 Mo. 294. "While the words of limitation usually appear in the *habendum* of the deed, it is not necessary that they should, provided they appear in some other part." Utter v. Sidman, 170 Mo. 299; Charles v. Patch, 87 Mo. 463. Specific words in a deed will prevail over general words, no matter in

what part of the deed or what clause of the deed they may be found. McCullock v. Holmes, 111 Mo. 446; Bone v. Tyrrell, 113 Mo. 175; Hunter v. Patterson, 142 Mo. 310; Rozier v. Graham, 146 Mo. 352; Miller v. Dunn, 184 Mo. 318. (2) If Nannie A. Lemon had been living on said 70 acres of land with her husband at the time of his death she could have held said land as a homestead so long as she lived thereon. In order for the grantee to take any interest in the land, it being under 160 acres of land and of less value than $1500, she was a necessary party to the deed. Sec. 6704, R. S. 1909. If she had not joined in the deed with her husband, the grantee would have taken nothing under the deed. (3) Alphonzo V. Lemon took the estate in remainder and Joseph R. Lemon and Nannie A. Lemon took a life estate by the entirety or they took or rather reserved to themselves such a life estate so long as both or either of them should live. (4) The grantee in the deed, must be presumed to have known the provision concerning the transferring of a homestead. He further knew of the intention of his father to reserve to himself and to his wife the use and benefit of said land so long as both or either of them should live. Knowing that intention as clearly expressed and declared to be the intention of the parties, such a reservation or exception (whichever it be) to the use and benefit of said land after his death, to his wife must be enforced in equity and good conscience, although, according to the strict rules of law, appellants contend it could not be done. (5) If it appears from the whole instrument that it is intended by the *habendum* clause to restrict or enlarge the estate conveyed by the words of grant, the *habendum* clause will prevail. 1 Devlin on Deeds (3 Ed.), p. 310; Utter v. Sidman, 170 Mo. 284; Miller v. Dunn, 184 Mo. 318; 12 L. R. A. (N. S.) 956; 13 Cyc. 601; Haines v. Weirick, 58 N. E. 712; Martin v. Cook, 60 N. W. (Mich.) 679.

FARIS, J.—This is an action to determine title under the provisions of section 2535, Revised Statutes 1909, to certain real estate situate in Pike County, and for

partition thereof, in the event that it should be found that plaintiffs have any interest therein. Upon a trial below the judgment was for defendant, and plaintiffs appeal.

Plaintiff O. O. Turner has no interest whatever in the lands in controversy, save and except that he is the lessee thereof for a term beginning on the 1st day of March, 1912, and ending on the 1st day of March, 1916, at an annual rental charge of $300 per year. He became a party plaintiff for the purpose of protecting his interest in the matter of the payment of the above rental charge. Since, however, his interest is to be tested by the interest of plaintiff Alphonso V. Lemon, and of defendant Nannie A. Lemon, we need not consider him further in what we shall say touching the questions involved upon this appeal.

Since this case has been pending here upon appeal plaintiff Alphonso V. Lemon has departed this life. His heirs by proper motions have, by our order herein, been made parties plaintiff and appellant in his stead, and the case has been revived in their names. But no occasion arises for a change in the title of the cause, and we shall therefore for the purpose of this discussion, and for the purpose of brevity, and for the reasons above stated, speak of Alphonso V. Lemon, as plaintiff, and of Nannie A. Lemon, as defendant.

On the 20th day of September, 1905, one Joseph R. Lemon, who was the father of plaintiff and is the common source of title to the land in controversy herein, together with his wife, Nannie A. Lemon, who, as stated, is the defendant herein, made, executed and delivered to the plaintiff the below deed of conveyance to the lands in dispute herein, to-wit:

### WARRANTY DEED.

This Indenture, made on the 20th day of September, A. D. One Thousand Nine Hundred and Five, by and between Joseph R. Lemon of Pike County, and State of Missouri, and Nannie A. Lemon his wife of Pike Co. Mo. parties of the first part, and Alphonso V. Lemon of the County of Audrain in the State of Missouri party of the second part,

Witnesseth, That the said parties of the first part, in consideration of the sum of Two Hundred and Fifty Dollars and love and affection to them paid by the said party of the second part, the receipt of which is hereby acknowledged, do by these presents Grant, Bargain and Sell, Convey and Confirm unto the said party of the second part, his heirs and assigns, the following described lots, tracts or parcels of land, lying, being and situate in the County of Pike and State of Missouri, to-wit:

All the North East one fourth of the North West Quarter; also the South three fourths of the North West one fourth of the North East quarter all in Section Thirty Five (35) Township Fifty Four (54) Range Five (5) West, containing in all seventy acres more or less.

*It is the mutual understanding that Nannie A. Lemon as wife of said Joseph R. Lemon does not intend in any way to relinquish her right in place as homestead or as dower if said Nannie A. Lemon should survive her husband Joseph R. Lemon.*

To Have and to Hold the premises aforesaid, with all and singular the rights, privileges, appurtenances and immunities thereto belonging or in anywise appertaining, unto the said party of the second part, and unto his heirs and assigns, forever; the said Joseph R. Lemon hereby covenanting that he is lawfully seized of an indefeasible estate in fee in the premises herein conveyed; that he has good right to convey the same; that the said premises are free and clear of any incumbrances done or suffered by him or those under whom he claims, and that he will warrant and defend the title to the said premises unto the said party of the second part, and unto his heirs and assigns forever, against the lawful claims and demands of all persons whomsoever, *reserving however a life estate in the above described property. In other words the estate in remainder is the estate intended to be conveyed to second party and first parties Joseph R. Lemon and Nannie A. Lemon are to have the use and profit of said place as long as both or either of them shall live.*

In witness whereof, the said party of the first part has hereunto set his hand and seal the day and year first above written.

JOSEPH R. LEMON

NANNIE A. LEMON.

At the time of the execution and delivery of the above deed of conveyance Joseph R. Lemon, and the defendant, his wife, were residing upon the land described in said conveyance as a homestead. They continued to reside thereon, occupying this land as a homestead until on or about the 25th day of February, 1912, when they abandoned the same, purchased a house in the town of Vandalia, moved thereto, and resided thereon until

the death of Joseph R. Lemon, in March, 1914. But one witness testifies as to the intention of Joseph R. Lemon and defendant, his wife, in acquiring the house in Vandalia, and in moving from the land in dispute to the Vandalia house. This witness says unequivocally that this removal was made with the intention on the part of said grantors in the above deed to make the Vandalia house their home for the balance of their lives. Upon removing from the land in question here to the new home in Vandalia, Joseph R. Lemon leased the disputed premises to plaintiff O. O. Turner, as heretofore stated.

The answer of defendant sets up a claim of a life estate in the lands in dispute, averring that she acquired such estate by virtue of the reservations made in the conveyance, which we set out above. The contentions made by plaintiff are that the above conveyance vested in him, as the grantee therein, the fee simple estate in the land in controversy, subject only to the life estate which was reserved for himself therein, by Joseph R. Lemon.

The court found in favor of defendant, adjudging that plaintiffs take nothing by their said suit, and for costs. It is plain that upon the case stated, the only matters presented turn wholly upon the construction to be given the deed, which we set out above; and to this construction what we say will be directed.

I. As forecast, there is but one question presented upon the record in this case. That question is as to the nature of the estate conveyed to the plaintiff by the deed of conveyance, which we set out above. As a corollary to the above question, however, yet another arises, to-wit: what estate, if any, did this deed convey to, or leave residual in the defendant, who, as the wife of the grantor joined therein? Answering this last question first, we are constrained to hold that it conveyed no estate whatever to her, and only left residual in her, exactly what she had before the deed was made, viz., inchoate dower, and a con-

tingent estate of homestead. This latter contingent life-estate having failed and fallen out of the case by the abandonment as a homestead of the land in dispute in the lifetime of the grantor, we need not trouble ourselves about it further. [Smith v. Bunn, 75 Mo. 559; Kaes v. Gross, 92 Mo. 647; Duffey v. Willis, 99 Mo. 132; New Madrid Banking Co. v. Brown, 165 Mo. 32.]

II. In form, and save for the language which, for emphasis, we have italicised, the deed here is the usual and ordinary deed of conveyance with covenants of general warranty. Obviously, it was written upon a blank printed form of such deed, in which, at the Reservation and Exception. only places where blank spaces, meet for this purpose, appeared, the italicised and qualifying language was added or appended. The deed as written reflects the condition of the grantors as of the date it was executed. For this deed was executed some seven years before the grantors abandoned the land as a homestead and moved therefrom to a new homestead in Vandalia, and at a time, we may infer, when the intention of continuing it as a homestead was in the minds of the parties. In the italicised clause which first appears therein, the defendant expressly disavows any intent "to relinquish her right in place as homestead or as dower." Explaining this, of course with the existing situation of the parties largely in mind, the second clause says: "In other words, the estate in remainder is the estate intended to be conveyed . . . and Joseph R. Lemon and Nannie A. Lemon are to have the use and profit of said place so long as both or either of them shall live."

But so much is largely *arguendo,* for we are not left to this reason for the conclusion which we have reached. For, while we can see no reason for the defendant's joining in the execution of this instrument, except for the purpose of conveying her inchoate dower and homestead, she expressly disavows these purposes, and we concede that neither her inchoate dower nor her homestead passed, or was lost, or in any way af-

fected, by her execution of this deed. If she had these inchoate and contingent estates before she executed the deed, she had them as well after she executed it. That she did have inchoate dower (now by the death of her husband, become consummate) we do not doubt, and plaintiffs practically concede this in their brief. She was in the last analysis a useless party to this deed, having, as we have seen, expressly disavowed in the deed itself, the only reasons for which she was, or could have been a necessary party grantor. If she had not executed this deed at all, the situation would have been in no wise different. But while she conveyed nothing by this deed (having disavowed her intent to convey any part of either of the two inchoate or contingent interests which she actually possessed), she took nothing by it. For by the terms of the deed, *she was not a grantee, but a grantor,* and moreover, the words of the deed are words of reservation, or of exception, and not words of grant. In order for defendant to take anything by this deed, she must either (a) have had the estate herself beforehand and reserved it or had it reserved for her, in this grant, or (b) her husband (who actually had it) must have conveyed it to her by this deed. Since the first condition did not exist and the second never happened, defendant took nothing and there was reserved for her nothing beyond what she had already. [Shelby v. Railroad, 143 Ill. 385; Illinois Central Railroad v. Ind. & Ill. C. Ry., 85 Ill. 211.] Her husband, who owned the land, reserved for himself therein the rents and profits and excepted therefrom a life estate, and attempted to reserve and except for defendant a similar estate and interest for her life. But unfortunately he reserved it in himself, and did not convey nor has he ever conveyed it to defendant. This estate *pur autre vie* remained in Joseph R. Lemon till his death, and defendant never owned it, nor did she take it by grant; hence she has never had it and cannot now claim it. All this is so because under our statutes lands and estates therein can be conveyed only by written instruments. [Sec. 2787, R. S. 1909; Tapley v. Ogle, 162 Mo. l. c. 197.] And be-

fore admeasurement of dower, at least before it becomes consummate, and certainly while such dower is but inchoate, as here, defendant had no estate or interest in this land and her deed, even if she had tried to grant it, instead of expressly reserving it, would have operated against her *not as a grant,* but by way of estoppel. [Brannock v. Magoon, 216 Mo. 1. c. 729.] The deed of one entitled to inchoate dower or contingent homestead operates only as the release of a contingent future estate and not by way of grant. [McCrillis v. Thomas, 110 Mo. App. 703; Brannock v. Magoon, supra.]

But it is most ably and seriously urged that under the holding in the cases of Utter v. Sidman, 170 Mo. 284; Garrett v. Wiltsie, 252 Mo. 1. c. 707; Tygard v. Hartwell, 204 Mo. 200; Hunter v. Patterson, 142 Mo. 1. c. 318, and others which announce the rule that in construing a deed of conveyance the intention of the grantor is to be the sole guide of the courts and that such intention is to be gathered from the four corners of the instrument, the judgment below was right and the only judgment which could possibly have been rendered. We find no fault with the rule announced in the above cases. They are cases (designating them generally) wherein the grantor having a certain estate undertook to convey it, but by reason of ambiguities and conflicts between the divers formal parts of the instrument executed, his intention as to the nature of the estate designed to pass, became doubtful. Here, defendant had no life estate (except that of contingent homestead, which was forfeited by abandonment), and this deed conveyed none to her, therefore she has none now. Therefore, we are unable to see wherein the above cases affect the view we take. Indeed, we follow these cases and construe the deed here by the four corners, as enjoined, in reaching this view; otherwise, we must needs have held that her dower passed.

This precise question upon principle, while confusing the distinction between an exception and a reservation in a conveyance, has been passed on by this court, and it was held that the wife took no interest or estate by

the attempted reservation. [Logan's Admr. v. Caldwell, 23 Mo. 372.] In the above case the facts and the ruling thereon are shown fully by the below excerpt, to-wit:

"John Logan conveyed a tract of land to the defendant, Caldwell, in fee, with the following clause, by way of exception or reservation, viz.: *'With this exception, that said John Logan reserves the use of said tract of land and farm thereon, or the rents and profits arising from it, during his life and the life of his wife.'* John Logan's wife survived him, and the question is, whether this clause gives the rents and profits accruing after his death to his wife.

"We see nothing in the language used which can by any implication create any estate or interest in the wife. If the reservation had been during the life of the wife alone, would she have taken any interest? Can the circumstance that it is made during the joint lives of herself and husband vary the effect of it? If a landlord reserves a rent in a lease to B during the life of C, does that, by any implication, entitle C to the rent? We see no difference between that case and the present one. There is nothing in the relationship between husband and wife which can make a difference." [Logan's Admr. v. Caldwell, 23 Mo. l. c. 373.]

The identical result we think is reached, so far as the defendant is concerned, regardless of whether we adhere to the extremely technical distinction between a "reservation" and an "exception" in a deed. It will be seen that the deed before us is ambiguous by reason of the words used. In one clause a life estate is "reserved," thereby creating an *exception.* In another clause the rents and profits are in effect excepted, thereby creating a reservation. [Snoddy v. Bolen, 122 Mo. 479; Dozier v. Toalson, 180 Mo. 546.] If a reservation was created by the language used, such reservation could not enure to defendant, but must be held to have died with the grantor. [Hornbeck v. Westbrook, 9 Johns. 73; Murphy v. Lee, 144 Mass. 371; Bridger v. Pierson, 45 N. Y. 601; Stockwell v. Couillard, 129 Mass. 231; Strasson v. Montgomery, 32 Wis. 52;

Hill v. Lord, 48 Me. 83; Redding v. Vogt, 140 N. C. 571; Bartlett v. Barrows, 22 R. I. 647; Haverhill Bank v. Griffin, 184 Mass. 419; Stone v. Stone, 141 Iowa, 438.] When the books and the cases say that a reservation in a grant, in order to be valid must be for the benefit of the grantor, or of some one of the grantors, and that a reservation cannot be made for the benefit of a stranger to the deed, it is meant and the language used connotes, that the reservation must be for the benefit of that grantor who, having an interest in the thing granted, may logically reserve from the operation of the grant a part of the estate or thing granted, or some right growing out of or appurtenant thereto. [Cf. Stone v. Stone, 141 Iowa, 438.]

If an exception was carved out of the estate, and the estate excepted did not pass to plaintiff, then such exception was a part of Joseph R. Lemon's estate, and it would pass to his heirs. [Logan's Admr. v. Caldwell, supra; Martin v. Cook, 102 Mich. 267; Burchard v. Walther, 58 Neb. 539; Wood v. Boyd, 145 Mass. 176; Bridger v. Pierson, supra; Smith v. Furbish, 68 N. H. 123; Sears v. Ackerman, 138 Cal. 583.] So, in neither view is defendant in any wise aided. Here the grantor first excepts a life estate for himself; then he is careful to explain that only *"the estate in remainder is intended to be conveyed to second party."* The grantor then proceeds to reserve the rents and profits, both for his own life and for the life of the defendant. Conceding that it is a practical impossibility to ascertain and say with any degree of certainty, whether the estate or interest which did not pass to plaintiff was technically speaking an exception or a reservation, we are yet by the authorities permitted to regard it as an exception. [Martin v. Cook, supra; Burchard v. Walther, supra; Richardson v. Palmer, 38 N. H. 212; West Point Iron Co. v. Reymert, 45 N. Y. 703; Bridger v. Pierson, 45 N. Y. 601; Jones v. DeLassus, 84 Mo. 541; Logan's Admr. v. Caldwell, 23 Mo. 372.] Indeed, the weight of the language used in the deed, of itself inclines to induce this view, as the

language we quote above and as a bare reference to the deed itself makes apparent. Regarding the estate reserved as an exception, it passed neither to plaintiff nor to defendant by the deed in dispute, but remained, as we have stated, a part of Joseph R. Lemon's estate, and passed at his death either to his heirs or devisees, according as he may have died testate or intestate [Logan's Admr. v. Caldwell, supra; Martin v. Cook, 102 Mich. 267; Burchard v. Walther, 58 Neb. 539.]

III. Coming to a consideration of the estate taken by plaintiff under this deed, how stands the case? Since, by reason of the effect of the clause of reservation, and a lack of a conveyance to her, this estate or interest *pur autre vie* could not pass to the defendant, it is equally as clear from what is said above that it did not pass to the plaintiff. To hold that plaintiff took an estate or an interest so clearly excepted by the one grantor, who prior to executing the grant held the fee in the land, would be to construe the plain language used in a sense wholly contrary to its obvious intent. It may be said that likewise by the plain language used there is shown a manifest intent to reserve an estate in the defendant for her life. Undoubtedly, this is true, but the difficulty with this position is that under the law of this State lands and interests in them can not be granted merely by intent, absent a grant in writing. [Tapley v. Ogle, supra; Sec. 2787, R. S. 1909.]

It follows, we think that when the grantor, Joseph R. Lemon, died there was left residual in his estate, an estate *pur autre vie,* that is to say, an estate for the life of the defendant. This interest passed to his heirs, if he died intestate; or to his specific or residuary devisees if he died testate. The plaintiff Alphonso V. Lemon could not as grantee in the deed under discussion sue for either rents, profits or possession during the life of the defendant, pending whose life the grantor Joseph R. Lemon had reserved an estate *pur autre vie.* There is no proof here as to whether Joseph R. Lemon died

*Interest of Grantee.*

testate or intestate, so we cannot know whether plaintiff Alphonso V. Lemon took as heir any part of this residual interest or not. We think it clear that pending the life of the defendant and the vesting of the remainder in fee in plaintiff (or his heirs, since he is dead) neither the plaintiff nor the defendant is entitled by virtue of this grant to these rents and profits, nor to the possession of this land. But that the right to the same is in the heirs or the devisees of Joseph R. Lemon, subject to the dower of defendant in the land in dispute.

This it has been seen, is the identical view taken by the entire court in the case of Logan's Admr. v. Caldwell, supra, with the unimportant distinction, that two of the three judges took the view that the residual interest was so far personalty as that it passed to the personal representative who could sue for it; while LEONARD, J., was of the opinion that it was an interest in real estate, and as such passed to the heirs, and that the latter alone were entitled to sue for it. It is not absolutely necessary herein to rule which view is the correct one. A solution of this simple question seemingly involves an elementary principle, but nevertheless, in passing and solely by way of *dictum,* we may observe that the view held by LEONARD, J., seems to be the better one.

It results that (a) the rents, profits and possession of the land sued for enure to the heirs, or to the devisees of Joseph R. Lemon, deceased, during the life of the defendant; (b) that such right is, however, subject to the defendant's dower rights in said land, and (c) that the plaintiff Alphonso V. Lemon, or (since he is dead) his heirs, are entitled to the remainder in fee in this land after the death of the defendant. To the extent that the judgment *nisi* differed from the views above expressed, it was erroneous, and the case should be reversed and remanded for such further proceedings as are not inconsistent with what we have said herein. Let this be done. All concur.