Richard H. Saunders and Walter S. Saunders, Appellants, v. Frederick R. Saunders et al., Defendants. D. E. Branstetter et al., Appellees.

Gen. No. 9,413.

Opinion filed April 20, 1939. Rehearing denied May 22, 1939.

FRANK E. MAYNARD, of Rockford, for appellants.

SMITH & MENZIMER, of Rockford, for appellees.

MR. JUSTICE WOLFE delivered the opinion of the court.

Lillian F. Saunders was the owner of a farm in Winnebago county, Illinois, which she and her hus-

band, Frederick R. Saunders, for $1.00 and other valuable considerations, conveyed and quitclaimed to Richard H. Saunders and Walter S. Saunders. After the description of the land conveyed and the clause waiving homestead and dower in said premises, the following words appear, ''The aforesaid Grantors hereby expressly reserve unto themselves the use of the above conveyed premises for and during the time of their natural lives.'' This deed was executed on January 24, 1927. On February 1, 1927, Lillian F. Saunders died leaving her husband, Frederick R. Saunders and her two sons, Richard H. and Walter S. Saunders, as her only heirs at law. Since the death of his wife, Frederick R. Saunders lived with Walter S. Saunders on the said farm until 1936, when he went to California. Winifred Hills and others in the year of 1933, foreclosed a mortgage on certain property owned by Frederick R. Saunders and obtained a deficiency decree in said proceedings in the sum of $535.07. Execution was issued upon this decree, levy was made upon the premises, formerly owned by Mrs. Saunders, on the theory that Frederick R. Saunders had a life estate in the lands conveyed to his two sons. The sheriff sold all of Frederick R. Saunder's right, title and interest in and to said lands, to D. E. Branstetter, agent for the parties who had held the deficiency judgment.

Richard H. Saunders and his brother, Walter S. Saunders, filed a suit in equity in the nature of a bill to quiet title to the farm in question. The complaint alleged the foregoing facts and claimed that the plaintiffs were the owners in fee simple of the lands in question, and that after the death of Lillian F. Saunders, Frederick R. Saunders had no right, title or interest of any kind, to the premises in question. The defendants, who were the interested parties in the deficiency decree, filed their answers alleging that Frederick R. Saunders had a life estate in said premises created

by the deed of Lillian F. Saunders to the plaintiffs. The case was tried upon a stipulation of fact, before the court, without a jury. The court found the issues in favor of the defendants, and that Frederick R. Saunders, as the surviving husband of Lillian F. Saunders, deceased, has a life estate in the premises in question. A decree was entered in conformity with the court's findings, and from this decree, the appeal is prosecuted to this court.

The question arises, what interest, if any, did Frederick R. Saunders have in the premises in question, after the death of his wife, Lillian F. Saunders? The legal effect given to the words used in the deed as attempting to create a life estate in the premises for Lillian F. Saunders and her husband, Frederick R. Saunders, decides the issues in this case. It is seriously contended by the appellees that these words are sufficient to create a life estate in the husband on which life estate they could make a valid levy and sale after the death of the wife, and that they are entitled to the possession of the premises as long as Frederick R. Saunders lives.

The appellees cite one case on which they base this contention, namely; *DuBois v. Judy,* 291 Ill. 340, 344, in which it is said, "Strictly, a reservation in a deed is some right in favor of the grantor created out of or retained in the granted premises. A purported reservation in favor of a third person can only take effect as a grant to him by way of exception to the other grant and in such case, there must be words of conveyance to the third person, except that a grantor may reserve to himself and his wife an estate during their natural lives, which will continue during the life of the survivor." In support of this statement, the Supreme Court cites the case of *White v. Willard,* 232 Ill. 464. From our examination of these two cases, we are led to the conclusion that the statement by

the court does not decide the point in issue in the case that is now before us, but is by way of dictum. The language used by the learned court in these decisions would tend to establish the rule that a life estate could be created. In the same volume of reports as the *DuBois* case, is *Bullard v. Suedmeier,* 291 Ill. 400. Our Supreme Court had occasion to consider a similar question to that we have before us. The deed in that case contained this clause, "This conveyance shall not take effect during the lifetime of the grantor, Christian Suedmeier and Anna Margaret Suedmeier." In the *Bullard* case, as in the present case, the owner of the land, the grantor, died before his spouse who claimed a life estate in the conveyed premises. The trial court found that the widow did not have a life estate in, or the use of the premises.

A similar case arose in the State of Missouri, namely; *Lemon v. Lemon,* 273 Mo. 484, 201 S. W. 103. Joseph R. Lemon was the owner of property and he and his wife, Nannie A. Lemon, conveyed certain premises to Alphonso V. Lemon. It is stated in the deed that Nannie A. Lemon does not intend in any way to relinquish her right to her dower and homestead in said premises, should she survive her husband, Joseph R. Lemon. Later, in the deed after the parties agreed to warrant and defend the title, etc., we find the following: "Reserving however, a life estate in the above described property. In other words, the estate and remainder is the estate intended to be conveyed to second party and the first parties Joseph R. Lemon and Nannie A. Lemon, and to have the use and profit of said place as long as both or either of them is living." Joseph R. Lemon died leaving his widow, Nannie A. Lemon, who claimed a life estate in the conveyed property. The court held that the widow did not have a life estate in the conveyed premises and in doing so used this language: "She was in the

last analysis a useless party to this deed, having, as we have seen expressly disavowed in the deed itself, the only reasons for which she was or could have been a necessary party grantor. If she had not executed this deed at all, the situation would have been in no wise different. But while she conveyed nothing by this deed (having disavowed her intent to convey any part of either of the two inchoate or contingent interests which she actually possessed) she took nothing by it. For by the terms of the deed she was not a grantee, but a grantor, and, moreover, the words of the deed are words of reservation, or of exception, and not words of grant. In order for defendant to take anything by this deed, she must either (a) have had the estate herself beforehand and reserved it or had it reserved for her in this grant, or (b) her husband (who actually had it) must have conveyed it to her by this deed. Since the first condition did not exist and the second never happened, defendant took nothing, and there was reserved for her nothing beyond what she had already. (*Shelby v. Railroad,* 143 Ill. 385, 32 N. E. 438; *Illinois, etc., Railroad v. Indiana, etc., Railroad,* 85 Ill. 211.) Her husband, who owned the land, reserved for himself therein the rents and profits and excepted therefrom a life estate, and attempted to reserve and except for defendant a similar estate and interest for her life. But unfortunately he reserved it in himself, and did not convey, nor has he ever conveyed, it to defendant. This estate *pur autre vie* remained in Joseph R. Lemon till his death, and defendant never owned it, nor did she take it by grant; hence she has never had it, and cannot now claim it.''

In the case of *Legout v. Price,* 318 Ill. 425, the sufficiency of language used in attempting to create a life estate was involved. Julian Legout conveyed land to the heirs of his son Adolphus Legout and attempted to create a life estate for Adolphus Legout in the con-

veyed land. The provision of the deed is as follows: "Provided always that Adolphus Legout may retain the possession of, and have the use of the lands above conveyed during his lifetime. It is also understood and agreed that the said Julian Legout do hereby reserve during his lifetime the rent off all the land herein conveyed that is now cleared and in cultivation except the sand hills." The court in discussing the sufficiency of this language to convey a life estate to the son, Adolphus, have this to say: "The deed contains no words purporting to convey an estate to Adolphus. It purports, first, to grant the land to the heirs of Adolphus in fee simple, and this grant is followed by the proviso, 'that Adolphus Legout may retain the possession of and have the use of the lands above conveyed during his lifetime.' These words do not convey an estate or purport to do so.'. . . The words 'give, grant, bargain and sell' are frequently employed and are sufficient in any class of conveyances. Other words frequently used are enfeoff, release, alien, assure and convey. Though none of these formal technical words may be necessary, it is necessary that the conveyance contain words purporting to transfer the grantor's interest. The words 'shall have and be entitled to at and after the death of the party of the first part' are not sufficient; . . . nor the words, 'sign over'; . . . nor the words 'warrant and defend.' . . . The declaration of the grantor in a deed that he makes a quitclaim deed to the grantee, accompanied by a description of the land, is not enough. . . .

"The object of a proviso is to except something out of the general terms of the grant, statute or other instrument to which it may be attached, and this was the effect of the proviso in Julian Legout's deed,—to except the use of the lands during the lifetime of Adolphus Legout from the conveyance to his heirs, but it did not purport to convey that use to him. If the

proviso is regarded as a reservation it is of no effect to pass the title to Adolphus. A purported reservation in favor of a third person can only take effect as a grant to him by way of exception to the other grant, and in such case there must be words of conveyance to the third person. . . . The words 'retain and have the use of' do not purport to convey anything, and the instrument cannot be regarded as conveying a life estate to Adolphus.''

In the case before us, the only interest that Frederick R. Saunders had in the premises at the time of the execution of the deed was a homestead or inchoate right of dower. By his deed, he conveyed that right away. Lillian F. Saunders did reserve unto herself a life estate in the premises, and during the life of the wife, Frederick R. Saunders had a life estate, but at the death of· Lillian F. Saunders, all right, title and interest that Frederick R. Saunders had in the premises were extinguished.

It is our conclusion that the court erred in finding that Frederick R. Saunders had a life estate in the premises in question. The other questions raised by the appellant are immaterial, because they have no basis if Frederick R. Saunders did not have a life estate in the premises.

The decree of the circuit court of Winnebago county is hereby reversed and the cause remanded.

*Reversed and cause remanded.*