Jane **LEIDIG** et al., Plaintiffs in Error,

v.

Louis J. **HOOPES** et al., Defendants in Error.

No. 36512.

Supreme Court of Oklahoma.

Oct. 4, 1955.

Monnet, Monnet & Monnet, Tulsa, for plaintiffs in error.

McKnight, Edwards & Gasaway, Enid, for defendant in error, Mary Hutchens Carlin.

J. Scott Vincent, Cheyenne, for Louis J. Hoopes, defendant in error.

WILLIAMS, Vice Chief Justice.

This action was brought by Louis J. Hoopes, hereinafter referred to as plaintiff, against Jane Leidig and others, hereinafter referred to as defendants, and involves the ownership of certain oil, gas and other mineral rights in and under a 160 acre tract of land in Roger Mills County, Oklahoma.

There is no dispute as to the facts involved, they being largely stipulated and agreed. The land in question was patented in 1913 to Will W. Reed. Will W. Reed and Rosa A. Reed had been married in 1906, and remained husband and wife until the death of Rosa A. Reed. In 1940 Will W. Reed conveyed the land to the United States of America, his wife, Rosa A. Reed, joining in the deed of conveyance. Such deed contained the following clause:

"Reserving to the vendors, their heirs, administrators, executors or assigns, for a period of 25 years from the date hereof, the right to mine and remove all oil, gas and other valuable minerals deposited in or under the above described lands, provided that all operations for oil, gas and other valuable minerals on said land shall be in conformity to the rules and regulations of the Secretary of Agriculture, * * *."

In 1941, Rosa A. Reed died intestate, leaving as her only heirs her husband, Will W. Reed, and her brother, Louis J. Hoopes, the plaintiff herein. Will W. Reed died intestate in 1948, leaving two sisters and certain nieces and nephews as his heirs at law.

The controversy herein is between plaintiff as sole surviving heir of Rosa A. Reed and defendants as the surviving heirs of Will W. Reed. Plaintiff contends that the effect of the above referred to reservation was to vest in Rosa A. Reed title to an undivided one-half interest in the oil, gas and other minerals in and under the land in question; that since such undivided one-half interest was acquired by the joint industry of Will W. Reed and Rosa A. Reed during coverture, all of said one-half interest passed to Will W. Reed upon the death of Rosa A. Reed, and upon the death of Will W. Reed one-half of said one-half interest descended to the heirs of Will W. Reed and the remaining one-half of said one-half interest descended to plaintiff as the sole and only heir of Rosa A. Reed.

The trial court sustained plaintiff's contention and entered judgment quieting plaintiff's title to an undivided one-fourth interest in and to the oil, gas and other minerals in and under the land involved, from which judgment defendants appeal.

The only question presented by this appeal is: Did the reservation in the deed from Will W. Reed and Rosa A. Reed, his wife, to the United States of America vest title to an undivided one-half interest in the oil, gas and other minerals in and under the lands therein described in Rosa A. Reed for a period of 25 years from August 21, 1940?

Although the question is apparently one of first impression in this state, we have no hesitancy in answering it in the negative.

A reservation in a deed, to be effective, must reserve some right or interest owned or possessed by grantor in the land at the time the deed was made. Phillips v. Johnson, 202 Okl. 645, 217 P.2d 520; Edwards v. Brusha, 18 Okl. 234, 90 P. 727; 16 Am.Jur. 607, Deeds, § 298; 26 C.J.S., Deeds, § 139, p. 447.

The title to the land prior to the execution of the deed in question was in Will W. Reed alone. Rosa A. Reed was a stranger to the title and had no interest which could be subject to a reservation or exception in the deed. The deed did not purport to operate as a conveyance of an interest to her. Although she was named as a grantor and signed the same as such, the reservation was a nullity as far as she was concerned. A reservation or exception in a deed does not create an estate or interest in the thing reserved. Mott v. Nardo, 73 Cal.App.2d 159, 166 P.2d 37, 38.

The case of Ogle v. Barker, 224 Ind. 489, 68 N.E.2d 550, 552, is more nearly in point with the case at bar than any other that we have discovered. In that case the husband had legal title to the land involved, and his wife joined him in executing a deed which contained the following reservation:

"'The grantors and each of them reserve in said above described real estate a life estate therein, for and during the natural lives of each of said grantors, * * *.'"

In holding that the wife acquired nothing by virtue of such reservation, the Indiana court used the following language:

"It will be observed that in the deed from Mr. and Mrs. Scott to Paul S. Barker there were no words of grant or conveyance to Mrs. Scott. That being true, then by virtue of the deed Mrs. Scott acquired no title because there can be no valid and operative conveyance of land without words of grant or alienation. Legout v. Price, 1925, 318 Ill. 425, 149 N.E. 427, 429, 430 and cases cited; Saunders v. Saunders, 1940, 373 Ill. 302, 26 N.E.2d 126, 129 A.L.R. 306. Property cannot be conveyed by reservation, 26 C.J.S., Deeds, § 140, p. 452, note 58. A reservation in a deed does not create title or enlarge the vested rights of a grantor; it merely reserves the specific interest named therein from the operation of the grant, and leaves that interest vested in the grantor to whom it belonged at and before the execution of the deed. 26 C.J.S., Deeds, § 140, p. 453, notes 74 to 77; Village of Terrace Park v. Errett, 6 Cir., 1926, 12 F.2d 240; Thompson on Real Property, Permanent Ed., Vol. 6, § 3–458, p. 686.

"It is a general rule that in a deed of conveyance a reservation by the owner is effective only in favor of the grantor, upon the theory that it holds back some interest from the estate conveyed and leaves it where it was. Ordinarily, such a reservation cannot vest an interest in one not theretofore having same unless words of grant are used. Saunders v. Saunders, supra; Legout v. Price, supra; Johnson v. Bantock, 1865, 38 Ill. 111; Du Bois v. Judy, 1920, 291 Ill. 340, 126 N.E. 104; Beardslee v. New Berlin Light & Power Co., 1912, 207 N.Y. 34, 100 N.E. 434, Ann.Cas. 1914B, 1287; Lemon v. Lemon, 1918, 273 Mo. 484, 201 S.W. 103; White v. City of Marion, 1908, 139 Iowa 479, 117 N.W. 254."

For other cases holding generally that the wife of a grantor acquired nothing by virtue of a reservation to her and her husband where she joined in the execution of the deed but legal title was in the husband, see: White v. City of Marion, 139 Iowa 479, 117 N.W. 254; Field v. Morris, 88 Ark. 148, 114 S.W. 206; Lemon v. Lemon, 273 Mo. 484, 201 S.W. 103; Meador v. Ward, 303 Mo. 176, 260 S.W. 106.

If a reservation can create no estate not already in existence, and if a wife owns no interest in the real estate prior to joining with her husband in executing a deed to such real estate, and there are no words of grant to her in the deed, then logically she can hold no greater interest in the real estate after the deed than she did before, and the estate reserved in the deed is reserved to the husband and not to her.

Our holding in this regard is in no way contrary to our holding in Burns v. Bastien, 174 Okl. 40, 50 P.2d 377, 379, as is suggested by plaintiff. In that case one George Bastien, being the record owner of the land in question, joined by his wife, executed a deed containing the following reservation:

"'Reserving an undivided three-fourths interest in and to all the royalties of oil and gas under and pertaining to said premises, which said reservation of royalty shall belong to George Bastien, Charles Bastien, and E. E. Mead, share and share alike.'"

The controversy in the case was between the grantee in such deed and the assignee of E. E. Mead over the one-fourth royalty

interest claimed by Mead under such deed. The evidence revealed that grantee had agreed to buy the land from grantor and had also agreed with Mead that Mead should receive one-fourth of the mineral or royalty interest in and to such land. It was further shown that all parties had agreed that the transfer to both grantee and Mead should be carried out by the deed to grantee with the reservation above quoted inserted therein. It was not contemplated by the parties that any other instrument was necessary to carry out the transfer to Mead. It should be noted that there was no controversy between grantor and Mead, or Mead's assignee, over the interest in question, but the controversy arose between grantee and Mead's assignee by virtue of grantee's claim that the reservation was totally ineffective as to Mead and that the one-fourth interest purportedly reserved to Mead was not reserved at all but passed to grantee. We denied grantee's contention, however, and held that the reservation was sufficient to prevent the interest in question from passing to grantee and that such reservation operated in favor of the grantor having title, thus leaving the legal title to such one-fourth interest in grantor Bastien, thereby applying the same rule applied in the case at bar. In the Burns case, because of the agreement of the parties and the addition of the clause " 'which said reservation of royalty shall belong to George Bastien, Charles Bastien, and E. E. Mead, share and share alike' ", we went one step further and held that such was sufficient to create an express trust in favor of Mead and that grantor Bastien therefore held title to the one-fourth in question, in trust, however, for Mead. In the case at bar, there is no evidence of any kind of any agreement between the parties relative to the ownership of the reserved minerals and no additional clause in the deed specifying any different ownership of the reserved estate in lieu of the one already existing. In short, there is no evidence whatsoever of any trust or trust agreement here, and this case therefore differs from that of Burns v. Bastien, supra, in that respect.

Since Rosa A. Reed acquired no interest in the property in question by virtue of the deed in question, it follows that plaintiff acquired no interest therein by virtue of her death and the subsequent death of Will W. Reed, and the court erred in quieting title in plaintiff to the one-fourth mineral interest in question.

■ There is no controversy as to who were the heirs at law of Will W. Reed, deceased, and no controversy as to who survived Minnie M. Hutchens, Charles D. Hutchens and Robert M. Hutchens, all deceased heirs of Will W. Reed. There was a controversy at the trial between defendant Henry Hutchens and defendant Mary Hutchens Carlin, as to whether Mary Hutchens Carlin is entitled to all of the interest in the reserved oil and gas rights owned by her deceased husband, Robert M. Hutchens, or whether such interest descended one-half to her and one-half to Henry Hutchens, brother of Robert M. Hutchens. The trial court held that such interest descended one-half to Mary Hutchens Carlin and one-half to Henry Hutchens. Defendant Mary Hutchens Carlin, in a separate brief, questions the correctness of such holding. The record, however, reveals no objection or exception to such holding of the trial court, no motion for new trial by defendant Mary Hutchens Carlin, and no cross-petition in error by such defendant. We are therefore of the opinion that such question is not before this court.

The judgment of the trial court is reversed and the cause remanded with instructions to quiet the title to all of the oil and gas rights in question in the heirs of Will W. Reed, deceased, in accordance with the trial court's previous determination as to the identity of such heirs and the proportionate part each is entitled to take.

JOHNSON, C. J., and WELCH, HALLEY, BLACKBIRD and JACKSON, JJ., concur.

DAVISON, J., concurs in result.

CORN, J., dissents.