The plaintiff sued the defendant seeking to establish an interest in certain real property. The plaintiff additionally sought $2,600 in damages. The circuit court denied the plaintiff's claims and she appeals. We affirm.
The record in pertinent part reveals the following: The plaintiff and defendant were married in 1960. In 1975, the defendant-husband acquired title by warranty deed to the subject real estate. The deed listed the defendant-husband as the sole grantee.
In 1976, the subject property was conveyed to third parties. The conveying deed in part is as follows:
 "We, L.G. Bell [defendant] and wife, Pauline J. Bell [plaintiff], Goodway, Alabama, (herein referred to as Grantors) do grant, bargain, sell and convey unto Dannylu James and Daniel Bryan Quimby, Goodway, Alabama, subject to the reservation of a life estate in Grantors therein. . . ."
Thereafter, in 1978, the plaintiff and defendant were divorced. In 1979, the plaintiff filed the action giving rise to the instant appeal. The lawsuit contained four counts. COUNT I claimed that the deed in question reserved a life estate in the plaintiff. The trial court granted summary judgment in regard to COUNT I in favor of defendant, finding in effect that as a matter of law under the undisputed facts no such interest was created.
After an ore tenus hearing, the trial court found in favor of the defendant on the remaining counts. These counts in essence alleged an agreement between the parties to the effect that the plaintiff was to have an interest in the property.
To this court there are two dispositive issues. (1) Did the deed create an interest in the subject property, after divorce, in the *Page 253 
wife? (2) Does the evidence support the trial court's finding that no agreement existed?
 I
The first issue presents to this court a question of first impression in Alabama: How does divorce affect the reservation of a life estate in favor of the husband and wife in property owned solely by the husband?
It is undisputed that the husband intended to create a life estate at the time the property was conveyed. The provision reserving the life estate reads, ". . . subject to the reservation of a life estate in Grantors therein . . .". The grantors are named in the deed as L.G. Bell and wife, Pauline J. Bell. The wife had no vested interest in the property at the time the life estate was reserved. The question then arises, what interest did the creation of the life estate reserve for the wife?
The wife contends that the reservation created an undivided one-half interest in the life estate, and therefore, the trial court erred in denying summary judgment in favor of the wife on COUNT I and/or erred in granting the husband summary judgment on the same count.
We do not agree with this contention and affirm as to COUNT I for the following reasons:
An understanding of reservations and how they operate is necessary in determining the extent of the wife's interest in the property in question. Once the extent of her interest is determined, the question then becomes one of how this interest was affected by the subsequent divorce.
Generally, a reservation is the creation in behalf of the grantor of a new right issuing out of the property granted. The grantor cannot reserve anything greater than what he was able to convey. That is, the grantor can reserve only a lesser included interest in what he previously owned. 52 A.L.R.3d 753. There is no question that husband was able to reserve a life estate in the instant case. However, it is a well settled rule that a reservation cannot be made in favor of a stranger to the title. Jackson v. Snodgrass, 140 Ala. 365, 37 So. 246 (1904); 26 C.J.S. Deeds § 138 (c).
Here, the wife had no vested interest in the property at the time of conveyance, only inchoate interests, such as dower and possibly homestead. Are these inchoate interests sufficient to acquaint the wife with the title? Put another way, is the wife, under these facts, in effect a stranger to the title? It is important to keep in mind that a reservation creates a new interest that was not present before the conveyance. If, however, an interest existed before the conveyance, such as an easement, and a third party or stranger to the title had rights in it, that interest could be reserved in favor of the stranger. This is not the situation here. The interest involved in the instant case was clearly an interest that did not exist before the conveyance and reservation. Keeping the above in mind, it follows that appellant could not obtain any greater interest in the title than that which she had to start with,i.e., inchoate dower and possibly homestead. This is important because property cannot be conveyed by reservation unless words of conveyance are clearly used. 26 C.J.S. Deeds § 140 (3). In the instant case, the provision reserving the life estate did not convey the estate to plaintiff. It could only reserve some kind of interest.
The court in White v. City of Marion, 139 Iowa 479,117 N.W. 254, 257 (1908), clearly states the rule to be followed in the instant case:
 "Such a reservation as is here found does not amount to a conveyance of a life estate to the wife, nor to a transfer of a life estate to husband and wife jointly. It reserved to the grantor, out of the thing granted, a life estate during his life and the life of his wife. All that the wife reserved was a life estate in what she theretofore had, which was an inchoate right of dower and, perhaps, a homestead. As she had no other title, and as the reservation conveyed nothing to her, she, by the reservation, got nothing more than *Page 254 
a life estate in what she had. The life estate in the real property was manifestly reserved to the husband, and should be valued accordingly. There is no departure from these rules in any of the cases. The reservation may, and doubtless should, be treated as an exception of a life estate from the grant, and perhaps of the widow's inchoate right of dower during her natural life, but it did not operate to convey the title to husband and wife jointly. [Citations omitted.]"
The above reasoning is supported in other jurisdictions. SeeField v. Morris, 88 Ark. 148, 114 S.W. 206 (1908); Butler v.Gosling, 130 Cal. 422, 62 P. 596 (1900); Ogle v. Barker,224 Ind. 489, 68 N.E.2d 550 (1946); Meador v. Ward, 303 Mo. 176,260 S.W. 106 (1924); Lemon v. Lemon, 273 Mo. 484, 201 S.W. 103
(1918); Logan's Admr. v. Caldwell, 23 Mo. 372 (1856); Eysamanv. Eysaman, 24 Hun. 430 (N.Y. 1881); Jackson ex dem. Wood v.Swart, 20 Johns 85 (N.Y. 1822); Leidig v. Hoopes, 288 P.2d 402
(Okla. 1955); Gorham v. Daniels, 23 Vt. 600 (1851); Beverlin v.Casto, 62 W. Va. 158, 57 S.E. 411 (1907).
In view of the above the most reserved to the wife would have been a life estate in her inchoate right to dower, etc. This being so it is clear that such an estate is now terminated by divorce. § 43-5-4, Code of Ala. 1975.
This court is cognizant of cases from some jurisdictions which appear to support the wife's position. However, we note such cases appear to be significantly distinguishable from the instant appeal. In some of such cases the courts appear to rely heavily on the intent of the grantor. This intent was usually manifested in something more than just the wording of the deed. Here, the only apparent, appropriate expression of intent was the deed itself.
Further, in cases cited by able counsel for the wife, in support of her position, it is noted that the grantors (husband and wife) retained possession until the death of the one grantor who owned the fee. Here, as shown above, the parties were separated; not by death, but divorce.
To summarize, under the facts of the instant case, we believe that the attempted reservation in favor of the wife was ineffectual, inasmuch as a reservation cannot create an estate greater than that already in existence. The most that could have been reserved to the wife was a life estate in her inchoate right to dower, etc., and clearly this estate was destroyed by operation of law upon the granting of the divorce. § 43-5-4, Code of Ala. 1975. Hence, the trial court did not err in granting summary judgment in favor of her husband.
 II
Plaintiff-wife contends the trial court erred in finding that no agreement, enforceable in equity, was made between the parties to reserve and create a life estate for both of them. Such a finding, plaintiff argues in brief, is contrary to the great weight of competent evidence. We find such a contention unsupported by the record, and affirm as to COUNT II.
At the onset, we note the well settled legal principle that findings by a trial court sitting ore tenus are entitled to a presumption of correctness which can be overturned only if plainly or palpably erroneous. E.g., Kwick Set Components, Inc.v. Davidson Industries, 411 So.2d 134 (Ala. 1982). And, "this rule is especially applicable in cases in which the trial court makes its findings of fact after hearing conflicting evidence . . .". Gulledge v. Frosty Land Foods Int'l, Inc., 414 So.2d 60,63 (Ala. 1982).
Furthermore, the scope of review in a case heard ore tenus is extremely narrow, and every presumption will be indulged in favor of the trial court's judgment. U-Totem of Alabama, Inc.v. Board of Adjustment, 412 So.2d 787 (Ala.Civ.App. 1982).
In this case, husband and wife both testified, producing conflicting evidence over whether such an agreement was made. The husband testified that he did not intend to reserve any interest in the property for his wife that would survive a divorce, and that the reservation clause was a product of the draftsman. He denies discussing with *Page 255 
his wife an agreement to reserve a life estate for her.
That the trial court resolved the conflict in favor of the husband is not reversible error since it is neither palpably wrong and without supporting evidence nor manifestly unjust.See, e.g., Silverman v. Charmac, Inc., 414 So.2d 892 (Ala. 1982); Hibbett Sporting Goods, Inc. v. Biernbaum,391 So.2d 1027 (Ala. 1980).
Our review of the record convinces us that the trial court had before it sufficient evidence to find no agreement was made between the parties to reserve and create a life estate for both of them. We therefore affirm as to COUNT II.
Both counsel for appellant and appellee have filed with this court excellent briefs for which we are grateful.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.