ROBERT M. PARKER, Retired Circuit Judge.
This is a suit on a contract.
The appellants sought to purchase a home from Jim Poston Homebuilders, Inc. They entered into a contract of sale on *117 August 2,1979, in the sum of $57,000. The appellants desired a swimming pool. Po-ston advised that his company did not construct swimming pools. An agreement was made for the appellants to pay for the pool, that $5,000 would be added to the sales price of the house, and that the seller would refund the appellants the sum of $5,000. On August 3, 1979, a new sales contract was entered between the appellants and Jim Poston Homebuilders, Inc. in the sum of $62,500. The loan was closed without the $5,000 being refunded or mentioned. The appellants sold the house in August 1982, and in early 1983 the appellants realized they had never received their $5,000 refund. Jim Poston Homebuilders, Inc. was dissolved on May 11, 1982, and was insolvent. The appellants sued James E. Poston, individually, and as director and president of Jim Poston Homebuilders, Inc., a dissolved corporation, and the corporation. After an ore terms hearing, the trial court entered judgment in favor of the appellants and against the corporation only, in the sum of $5,000.
Appellants contend on appeal that the trial court erred in not rendering judgment against James E. Poston, individually. To this end it would be necessary for the appellants to show from the evidence that Poston, individually, was the alter ego of the corporation.
“While the presumption in Alabama is that a corporation is a separate and distinct legal entity from its shareholders, officers and directors, this rule may be disregarded in the appropriate circumstances, such as when the corporate form is being used to evade personal responsibility. Cohen v. Williams, 294 Ala. 417, 318 So.2d 279 (1975). The decision of when to impose personal liability on a shareholder or officer is a question of fact to be determined on a case by case basis. Id.”
Alorna Coat Corporation v. Behr, 408 So.2d 496, 498 (Ala.1981).
In this case the record reveals that the contract of sale was between the appellants and the corporation. Poston, as president, represented the corporation in the negotiations. Poston admitted the agreement to refund, but only as the agent or representative of the corporation. The only other evidence was that the corporation had two shareholders, Poston and his wife, and that Poston was president of the corporation. “Generally when an agent, acting within his real or apparent authority, enters a contract on behalf of his principal, only the principal is bound and subject to suit on the contract.” Davis v. Childers, 381 So.2d 200, 202 (Ala.Civ.App.1979).
After reviewing the record, we are constrained to hold that the record contains insufficient evidence that Poston founded Jim Poston Homebuilders, Inc. as a sham to escape personal liability or individually promised repayment.
It is a well-settled legal principle that findings of a trial court sitting ore tenus are entitled to a presumption of correctness which can be overturned only if plainly and palpably erroneous. James v. Bell, 419 So.2d 251 (Ala.Civ.App.1982). We find no such abuse in this case.
The foregoing opinion was prepared by Retired Circuit Judge ROBERT M. PARKER while serving on active duty status as judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama of 1975 and this opinion is hereby adopted as that of the court.
This case is due to be and is affirmed.
AFFIRMED.
All the Judges concur.