**Roy F. HOLLAND, Respondent,**

v.

**Robert J. HOLLAND et al., Appellants.**

No. 57148.

Supreme Court of Missouri,
Division No. 2.

May 13, 1974.

Powell, Ringer & Baker, Dexter, for respondent.

Robison & Blanton, James Robison, Sikeston, Briney, Welborn & Spain, Joe Welborn, Bloomfield, Elvis A. Mooney, Bloomfield, for appellants.

MORGAN, Judge.

Plaintiff, Roy F. Holland, sought to have the trial court ascertain and adjudge title to certain lands and for an accounting of the rents therefrom. Judgment was entered in favor of plaintiff wherein it was declared that he had fee simple title to an undivided one-half interest in the same (which followed a finding setting aside a certain warranty deed), and that defendants, Robert J. Holland and Elizabeth Holland, were indebted to plaintiff for rents in the amount of $16,566.66. Defendants have appealed. We reverse and remand.

Jurisdiction is in this court by virtue of title to real estate being involved and the appeal having been filed prior to January 1, 1972, to-wit: June 19, 1971.

Prior to relating the chronology of events we identify the parties and their relationship. W. F. Holland and Effie Holland were husband and wife and had one child, Roy F. Holland—the plaintiff. Roy F. Holland had a son, Robert J. Holland, who was married to Elizabeth Holland—two of the defendants. From the age of two years, Robert J. Holland lived with and was reared by his grandparents—W. F. Holland and Effie Holland. For at least a portion of that time plaintiff lived in the state of California. Other defendants are Travelers Insurance Company and the Bank of Advance which had made loans to Robert J. Holland and Elizabeth Holland and accepted as security for the same certain deeds of trusts affecting said land.

The tract of land in dispute was part of a farm owned solely by W. F. Holland. On March 10, 1964, he had his wife, Effie, join with him as a named grantor in the execution of the *first* deed now challenged. Therein, it appears that an effort was made to (1) vest title in W. F. and Effie as tenants by the entirety, (2) convey a remainder interest to Roy and Robert, as tenants in common, subject to (3) a life estate and power of sale in both W. F. and Effie. This rather prodigious undertaking was consummated on an ordinary printed warranty deed form. In the usual space left for the designation of the grantors the names of W. F. and Effie were inserted; while the names of Roy and Robert were inserted in the usual space left for grantees, with the following typed immediately thereafter:

"IN REMAINDER, as tenants in common, following the estates for life reserved in each grantor, and also subject to the power (1) to mortgage any part or all and (2) to sell any part or all of the above described real estate and thereby defeat the conveyance to the second party, said power reserved for and to be exercised by either grantor . . . ."

Further in the deed and immediately after the granting clause and the description is the following:

"It is the intention of the grantors to reserve (and if need be to create) an estate for life vested in each of the grantors, said estates for life to be measured by the natural life of each of the grantors, respectively; the grantors intend to reserve the power (and if need be to create the power) vested in each of the grantors, together or after the death of one of the grantors to be vested in the survivor from among the grantors, (1) to mortgage any part or all, of the described real estate and thereby partially or totally defeat the interest created hereby in the grantees, and (2) to sell any part, or all of the described real estate and thereby partially or totally defeat the interest in the grantees; and to vest the remainder, following the estates for life and said powers to grantees as

tenants in common with equal shares between them."

After the habendum clause, the following language is found:

"It is further the intention of the grantor, W. F. Holland, that the title of the above real estate be vested in W. F. Holland and Effie Holland, husband and wife, as tenants by the entirety and in the event such title has not heretofore been accomplished, then, and in that event this conveyance is thus intended to create such tenancy by the entirety vested in the said W. F. Holland and Effie Holland, husband and wife."

Soon thereafter, on May 23, 1964, W. F. Holland died, and his widow, Effie, on June 17, 1964, executed the *second* deed now challenged. Therein, she was designated as the sole grantor and sought to convey the land in question to Robert and Elizabeth. The expressed consideration was the "Grantees' promise to care for the 'Grantor' during her lifetime, to furnish Grantor Christian burial and pay to the Grantor One Thousand and No/100 Dollars on each and every December 1st hereafter . . . ."

Following the description, ten additional typed lines expressed the intent of the grantor to exercise her power of sale presumably created in the first deed described herein, and the consideration noted was repeated. After the habendum clause, the consideration was again typed in and declared to be a "charge" upon the "real estate" conveyed.

Effie Holland died on June 20, 1969, and this suit was filed on May 13, 1970. Roy, in essence, claimed a one-half interest in the land by virtue of the first deed; and thereafter, asserted that the second deed was a nullity because Effie had no interest to convey. The latter contention, general-ly, was based on the theory that Effie had no interest when she joined as a grantor with her husband in the first deed, and that "there could be no reservation of any title or interest in the wife" because she had nothing to reserve. Reliance is placed on Lemon v. Lemon, 273 Mo. 484, 201 S. W. 103 (1918) and Meador v. Ward, 303 Mo. 176, 260 S.W. 106 (1924) plus the commentary by Professors Eckhardt and Peterson, in Section 26, on Page 24 of Volume 23, V.A.M.S., that: "The deed fails as a conveyance of any interest to the wife, and creates a life estate *pur autre vie* in the husband." In answer thereto, Robert submits that: "In apparent limitation of the general rule, various cases lend more or less support to the idea that a 'reservation,' so-called, in favor of a stranger will operate to vest in him the designated right or interest where the deed includes plain and unmistakable words to that end. In England, the general rule has been abrogated by statute." 23 Am.Jur.2d, Deeds, Sec. 279. Furthermore, it is submitted that in the first deed may be found "words of grant" in favor of Effie, and that this case need not turn on consideration of the suggestion that so-limiting a "reservation" is archaic and artificial.[1] If the latter suggestion has merit, the Lemon and Meador cases, supra, are distinguishable for the reason explained in Petty v. Griffith, 165 S.W.2d 412 (Mo.1942) at l.c. 415, that both involved a question as to "what estate, if any, was reserved to the grantors, or either of them, not who were the grantees and what estate was created in them." Was there a grant of any interest to Effie as a grantee in the first deed?

Attention is called to the typed words following the habendum clause in the first deed, heretofore quoted, that " . . . title to the above real estate be vested in W. F. Holland and Effie Holland . . . " as well as the effort in those words typed immediately after the description seeking

1. Townsend v. Cable, 378 S.W.2d 806 (Ky. 1964)—rule abandoned. Board of Missions of M. E. Church South v. Mayo, 81 F.2d 449 (6th Cir. 1936)—held that the inchoate dower of the wife was a sufficient interest to remove the case from the realm of a reservation of a naked power not coupled with an interest.

not only to "reserve" a life estate but to "create" one. As said in Kluck v. Metsger, 349 S.W.2d 919 (Mo.1961) at 921: "Our long established rule is: 'The intention of the grantor, as gathered from the four corners of the instrument, is now the pole star of construction. That intention may be expressed anywhere in the instrument, and in any words, the simpler and plainer the better, that will impart it; and the court will enforce it no matter in what part of the instrument it is found.' See Davidson v. Davidson, 350 Mo. 639, 167 S.W.2d 641, 643, and cases cited. Therefore, we should hold that a deed creates the interest which the parties clearly intended it to create, without regard to purely formalistic practices, arbitrary distinctions and niceties derived from the feudal common law, in the absence of contrary public policy or prohibitory legislation. Sec. 442.025 RSMo 1959 (adopted 1953, Laws 1953, p. 615,) V.A.M.S., as well as our rule of construction in accordance with the grantor's intent, indicates a public policy in accord with this view and with our ruling in Creek v. Union National Bank, supra [266 S.W.2d 737 (Mo.1954)]."

■ Although Effie was not a named grantee in the precise blank left on the form for purposes of designating the same, we are convinced that she is sufficiently identified in the deed as such. As said in Petty v. Griffith, supra, 165 S.W.2d at 415: "It does not necessarily follow from the fact that one is not mentioned in the places or clauses of a deed in which grantees are usually named or indicated that he may not be or become a grantee. It is immaterial in what part of the conveyance the grantees' names appear as long as the parties' intention is clearly and plainly manifest as to who they are and the estate they are to receive. 26 C.J.S. Deeds § 99; 16 Am.Jur., Secs. 66–88; 4 Tiffany, Real Property, Sec. 967. The rule as to the repugnant designation of parties is that 'All the language of a grant should be considered and effect given to it unless so repugnant or meaningless that it cannot be done, in which case the repugnant or meaningless portion may be rejected.' 18 C.J., Sec. 326; 26 C.J.S. Deeds § 128.

"Neither do we agree with the respondents' contention that the clause following the descriptions is necessarily contradictory of the estate previously conveyed and, therefore, void for repugnancy. If repugnancy or irreconcilable conflict exists, of course, the clause in which estates are usually defined and granted would prevail over a subsequently conflicting clause. But, as the case is with the grantees so is it as to repugnancy in other respects, even if various clauses do conflict, yet if the intention of the parties may be gathered from the whole instrument, rather than from particular, segregated clauses, that intention will prevail and be given effect if possible and if it is not contrary to some positive rule of law. 26 C.J.S. Deeds § 90; 2 Devlin, Deeds, Sec. 843a; Utter v. Sidman, 170 Mo. 284, 70 S.W. 702; Leeper v. Leeper, 347 Mo. 442, 147 S.W.2d 660, 133 A.L.R. 586; Keller v. Keller, 338 Mo. 731, 92 S.W.2d 157. 'In accordance with the modern rule, which is to ascertain the grantor's intention from all the terms of a deed in all cases where it is possible so to do and to consider all the clauses together without undue reference to their location in the deed, where two clauses are inconsistent, the paramount rule is that the deed must be construed so as to give effect to the intention of the parties as collected from the whole instrument. The primary or dominant intent expressed in the instrument, when ascertained, will control.' 16 Am.Jur., Sec. 173, p. 536."

Certainly, in so far as any interest of Effie is concerned, it would have been better not only to have listed her with other grantees in the usual place but to have used more customary operative words of conveyance; but, as was said in Monroe v. Lyons, 339 Mo. 515, 98 S.W.2d 544 (1936) at l.c. 546: "We recognize that a deed must contain operative words of conveyance, but it is not indispensible that any particular words or phrases be employed.

Any words which indicate a clear intention to convey, and are sufficient to effectuate that purpose will suffice. Speaking to that question in Long v. Timms, 107 Mo. 512, 519, 17 S.W. 898, 900, we said: 'The time has long since passed when the tenure of lands by deed, if it ever existed in this country, was dependent upon the technical meaning of words or construction of sentences in use among old English conveyances. The controlling canon for the construction of deeds, as of wills and other instruments of writing to-day, is to ascertain the meaning of the grantor from the words he uses, in the light of the circumstances which surrounded, attended, and waited upon his use of them.' "

To further sustain his position, Roy contends: (1) that the words typed on the deed are confusing, inconsistent and repugnant; (2) that W. F. Holland sought to make a testamentary disposition of the land; and (3) that even if Effie in fact had a power of sale "[s]he could only sell for cash or money."

 As to the first, an argument that provisions in an instrument are confusing, inconsistent and repugnant is relevant and persuasive only in those cases where the intention of the parties is not clear and discernible. Such is not true in this case. As to the second argument, the existence of a power of sale in one party which, if exercised, will terminate an existing but defeasible interest of another party does not dictate such a power be classified as testamentary. St. Louis County National Bank v. Fielder, 364 Mo. 207, 260 S.W.2d 483 (Mo. banc 1953); Julius v. Buckner, 452 S.W.2d 139 (Mo.1970). As to the third argument, we need not comment on the historical reasoning which established some general limitation on the consideration for which a power of sale could be exercised, but it is sufficient to point out an applicable exception, i. e.: "Where the instrument conferring a power to sell does not prescribe the terms on which sale is to be made, the donee is authorized to sell on

such terms as will carry out the intention of the donor . . . ." 72 C.J.S. Powers § 25e. A case factually comparable wherein the exception noted was approved is Edwards v. Payne, 307 S.W.2d 657, 660 (Mo. 1957). Effie Holland in the second deed sought to secure her support for life from a source upon which she knew from experience she could depend. The fact that she did not require support for a longer period is of no significance since fortune could just as easily have dictated an opposite result.

With both deeds being valid, questions as to an accounting for rentals become moot.

The judgment is reversed and the cause is remanded for entry of judgment in favor of defendants Robert J. Holland and Elizabeth Holland, and for reinstatement of the liens of the defendant lending institutions if the loans secured thereby still exist.

All of the Judges concur.