Betty Jean CARLTON,
Plaintiff-Appellant,

v.

Hall H. WILSON,
Defendant-Respondent.

No. 13112.

Missouri Court of Appeals,
Southern District,
Division Two.

Feb. 6, 1984.

Joe W. Collins, Sam G. Hopkins, Stockton, for plaintiff-appellant.

Nicholas L. Swischer, Nevada, for defendant-respondent.

PREWITT, Judge.

Plaintiff sought the proceeds of a fire insurance policy, now deposited in the circuit court, and to quiet title to the real estate on which the insured dwelling had been situated. Following nonjury trial, the trial court determined that defendant was entitled to all of the proceeds and that plaintiff and defendant owned equally a life estate in the real estate for the life of defendant, with the remainder in plaintiff.

Defendant was previously married to plaintiff's mother, Levon E. Wilson. Levon E. Wilson had been the sole owner of the real estate. On December 15, 1973, during their marriage, she and defendant signed a warranty deed purporting to convey to plaintiff an interest in the real estate. Following the legal description of the property the following words were typed: "It is understood by all parties that the first parties (grantors) reserve a life estate in the above described real estate". Absent the language quoted the deed would have conveyed to plaintiff title in fee simple without any reservations.

Levon E. Wilson died on March 2, 1978. Previous to her death the house was insured against fire and other perils by an insurance policy showing as the named insureds defendant and Levon Wilson. When the policy came up for its annual renewal in November of 1978 defendant refused to pay the premium until the policy was changed to his name alone. The insurance company made the change. Two months later the policy was again changed to reflect the insureds as defendant and his new wife. All premiums on the policy following Levon Wilson's death were paid solely by defendant. On June 9, 1979, a house on the property was totally destroyed by fire. Following the fire and the filing of this action the insurance company paid the proceeds of the policy into the Cedar County Circuit Court for it to determine the proper recipient.

■ Plaintiff's first point contends that the trial court erred in finding that defendant had an interest in the real property. She asserts that the effect of the reservation in the deed was to reserve to Levon E. Wilson a life estate in her measured by her life. Defendant contends that the deed reserved an additional life estate for Levon E. Wilson measured by the life of defendant as an estate pur autre vie; that is, for the life of another. He asserts that when Levon E. Wilson died that life estate

passed to plaintiff and defendant as Levon E. Wilson's only heirs.

The parties agree that the holding of *Lemon v. Lemon,* 273 Mo. 484, 201 S.W. 103 (1918), followed in *Meador v. Ward,* 303 Mo. 176, 260 S.W. 106 (1924), would call for the result urged by defendant. However, plaintiff contends that "these cases apply an archaic rule resulting in a strained construction and should not be followed." Plaintiff states that they were decided when a surviving spouse took only a dower interest and the estate pur autre vie did not pass by inheritance to a surviving spouse, but passed to the heirs subject to the dower interest in the spouse and that this change in the law of descent and distribution has made those decisions "obsolete". She contends, citing *Petty v. Griffith,* 165 S.W.2d 412 (Mo.1942), and *Holland v. Holland,* 509 S.W.2d 91 (Mo.1974), that the intent of the grantor taken from the four corners of the instrument should control.

Plaintiff claims that the clear intent to be drawn from the deed is that Levon E. Wilson wanted to make a fee simple conveyance to her daughter and to reserve a life estate for herself only. She contends that the "use of the word 'grantors' in connection with the reservation of the life estate is clearly an inadvertent use of the plural and a typist error" and that the only reason defendant joined in the deed was to relinquish his prospective marital rights to plaintiff. Plaintiff asserts that Levon E. Wilson would not have intended to reserve a life estate in defendant because of the possibility that their marriage might have been dissolved and she would not have "intended to reserve a right for such an ex-husband to occupy the premises after the marriage no longer existed."

The facts in *Lemon* and *Meador* are very similar to those here and we believe those decisions are controlling. No sufficient reason has been shown why they should not be followed. A change in the laws of

descent and distribution would not change the effect of a deed. *Petty* and *Holland* relied on by plaintiff are not applicable. They both distinguish their facts from *Meador* and *Lemon.* See *Petty,* supra, 165 S.W.2d at 415; *Holland,* supra, 509 S.W.2d at 93. There was no evidence that any language in the deed was there because of inadvertence or error. The dissolution argument fails because defendant's interest is acquired not by the deed, but as an heir, and had the marriage been dissolved prior to Levon E. Wilson's death, he would not have acquired any interest in the property. On the basis of the record before us, we have to conclude that Levon Wilson died intestate [*] and that defendant, her surviving spouse, and plaintiff, her only child, acquired an equal interest in the life estate for defendant's life as tenants in common. See § 474.010, RSMo 1978. The remainder is in plaintiff.

■ We next discuss whether plaintiff, as the owner of the remainder is entitled to any portion of the insurance proceeds. Certain applicable principles are set forth in *Farmers' Mut. Fire & Lightning Ins. Co. v. Crowley,* 354 Mo. 649, 190 S.W.2d 250 (1945). "If a building has been insured prior to the creation of a life tenancy and is afterwards destroyed, the property is in effect converted into personalty and the life tenant is entitled only to a life estate in the proceeds of the insurance contract." 190 S.W.2d at 251.

However, if a life tenant insures the property in his own name and for his own benefit and pays the premiums from his own funds, he is entitled to proceeds of the insurance upon a loss absent a stipulation in the instrument creating the life estate or an agreement binding him to keep the premises insured for the remainderman's benefit. Id. 190 S.W.2d at 251–252. See also *Michigan Fire & Marine Ins. Co. v. Magee,* 240 Mo.App. 767, 218 S.W.2d 151 (1949); *Underwood v. Fortune,* 9 S.W.2d

---

[*] A document purporting to be a will of Levon E. Wilson filed in the Probate Court of Cedar County was offered in evidence by defendant, but was refused because it was not established that it was ever proven and admitted to probate. The life estate could have been devised. *Lemon,* supra, 201 S.W. at 107.

845 (Mo.App.1928). There was no requirement in the deed and no other agreement that defendant would procure insurance on the house for plaintiff's benefit.

 In *Farmers' Mut. Fire & Lightning Ins. Co. v. Crowley,* supra, Mary Crowley had insured a dwelling on her land. She died during the term of the policy, having devised a life estate to her husband, remainder to her nieces and nephews. After her death, at the husband's request, the insurance company attached a "rider" to the policy, recognizing that the interest of Mary Crowley had ceased and the title was now in the name of the husband. After her death the husband paid the cost of the insurance. The court stated that it was "clear" that by the procurement of the insurance company's "rider", after the life estate became vested, a new contract of insurance was effectuated and as the husband procured the contract of insurance in his own name as insured and paid for it, he was entitled to the proceeds. Such a new contract was entered into here and plaintiff as owner of the remainder had no interest in the proceeds. The facts in *Crowley* and *Michigan Fire & Marine Ins. Co. v. Magee,* supra, are similar to these and based on the principles they state we must determine this question against plaintiff.

Plaintiff is not entitled to share in the proceeds because she is a tenant in common of the life estate. Insurance procured separately against loss by a cotenant does not inure to the benefit of another cotenant. *Crabtree v. Maupin Seed Co.,* 294 S.W. 433, 435 (Mo.App.1927).

Plaintiff also contends that the trial court erred in not finding that defendant was guilty of waste and negligence. Plaintiff sought no damages from defendant for waste or negligence, but did contend in her count seeking the insurance proceeds that defendant "was negligent in failing to promptly report the fire to the appropriate fire fighting agency and failed to take any action to protect and preserve the property and that such negligence resulted in the loss of the property and damage to the plaintiff."

There was evidence that the fire was caused by lightning and defendant presented expert testimony that the fire was not intentionally set. That expert testified without objection that defendant "behaved in a reasonably prudent manner" after he learned of the fire. If waste and negligence were proper issues here, either under the pleadings or as amended by the express or implied consent of the parties, see Rule 55.33(b), their existence was a factual matter for the trial court. Its decision was supported by substantial evidence and was not against the weight of the evidence and thus we must affirm that determination. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976).

The judgment is affirmed.

MAUS, P.J., and HOGAN, J., concur.